SCOTT N. SCHOOLS (SC 9990)
United States Attorney

DOUG SPRAGUE (CASBN 202121)
Acting Chief, Criminal Division

DEREK R. OWENS (CSBN 230237)
Assistant United States Attorney

CRYSTAL TINDELL
Law Clerk

450 Golden Gate Avenue, 11th Floor
San Francisco, California  94102
Telephone:  (415) 436-7149
Facisimile: (415) 436-7234
derek.owens@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | CR No. 07-0295 MAG |
|---|---|---|
| Plaintiff, | ) | |
| | ) | STIPULATION AND [PROPOSED] |
| v. | ) | ORDER EXCLUDING TIME |
| | ) | |
| NICOLE L. MAYS, | ) | SAN FRANCISCO VENUE |
| Defendant. | ) | |

On July 10, 2007, the parties in this case appeared before the Court for a status hearing.  At that appearance, Assistant Federal Public Defender Elizabeth Falk informed the Court the Defendant was unable to appear in Court due to work-related obligations.  AFPD Falk stated that her office was continuing to investigate the case, and that she had just received a draft plea agreement from Counsel for the government.  Therefore, the parties requested that the matter be continued to July 24, 2007, at 10:30 a.m. for a change of plea.  In addition, Counsel for the government requested an exclusion of time from July 10, 2007 to July 24, 2007, in order to

afford AFPD Falk an opportunity to further investigate the case and consider a draft plea agreement. AFPD Falk agreed that an exclusion of time is appropriate based on the defendant's need for effective preparation of counsel. 18 U.S.C. §§ 3161(h)(8)(A) and (B)(iv).

SO STIPULATED:

          SCOTT N. SCHOOLS
          United States Attorney

DATED: 7/10/2007         /s/ Derek R. Owens
          DEREK R. OWENS
          Assistant United States Attorney

DATED: 7/10/2007         /s/ Elizabeth M. Falk
          ELIZABETH M. FALK
          Assistant Federal Public Defender

     For good cause shown, the Court HEREBY ORDERS that time be excluded under the Speedy Trial Act from July 10, 2007, to July 24, 2007. The Court finds, based on the aforementioned reasons, that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial. The failure to grant the requested continuance would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would result in a miscarriage of justice. The Court therefore concludes that this exclusion of time should be made under 18 U.S.C. §§ 3161 (h)(8)(A) and (B)(iv).

SO ORDERED.

DATED: July 24, 2007

          ELIZABETH D. LAPORTE
          United States Magistrate Judge

*IT IS SO ORDERED*
*Judge Elizabeth D. Laporte*