BARRY J. PORTMAN
Federal Public Defender
ELIZABETH M. FALK
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA  94102
Telephone:  (415) 436-7700

Counsel for Defendant MAYS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR 07-0295 MAG |
|---|---|---|
| Plaintiff, | ) | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO SUPPRESS EVIDENCE AND STATEMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR EVIDENTIARY HEARING** |
| v. | ) | |
| NICOLE MAYS, | ) | |
| Defendant. | ) | Date:  September 18, 2007<br>Time:  11:00 a.m.<br>Court: The Honorable Elizabeth D. Laporte |

TO: **THE UNITED STATES OF AMERICA, PLAINTIFF; AND SCOTT N. SCHOOLS, UNITED STATES ATTORNEY, AND DEREK OWENS, ASSISTANT UNITED STATES ATTORNEY;**

PLEASE TAKE NOTICE that on September 18, 2007  at 11:00 a.m. in the courtroom of the Honorable Elizabeth D. Laporte, defendant Nicole Mays will move this Court to suppress all statements and evidence resulting from her unlawful detention in violation of the Fourth Amendment to the United States Constitution.  This motion is based on the Constitution of the United States, all relevant statutory authority and case law, the following memorandum of points and authorities, and such argument as the Court will entertain on the September 18, 2007 hearing.  Further, Ms. Mays respectfully requests an evidentiary hearing if the Court is unable to ascertain the

legality of the stop based upon the parties' submissions.

## INTRODUCTION

Ms. Mays is charged with two counts of possessing a controlled substance (heroin and marijuana), in violation of 21 U.S.C. § 844(a). She was arrested on March 18, 2007 after she was unlawfully stopped and her vehicle was unlawfully searched. That search resulted in the discovery of tar heroin on the front passenger seat and a plastic bag of processed marijuana inside a bag in the back seat.

Ms. Mays moves the Court to suppress all evidence and statements obtained as a result of her unlawful detention and warrantless search, seizure, and arrest because the arresting deputy lacked reasonable suspicion to detain Ms. Mays. In addition, the deputy's warrantless search of the vehicle cannot be justified by any exception to the warrant requirement. The fruits of the deputy's unlawful conduct must therefore be suppressed.

## STATEMENT OF FACTS

On March 18, 2007, Nicole Mays was sitting with two companions in a parked car in a grassy area near the restrooms in Crissy Field. *See* Declaration of Nicole Mays ("Mays Declaration") attached hereto as Exhibit B, at ¶ 1. Ms. Mays, who was seated in the driver's seat, was about to drive away from the area, when she was stopped by United States Park Police Sergeant Thomas Hart and his partner. *Id.* at ¶ 2; *see also* Criminal Incident Report of U.S. Park Police Officer Thomas Hart ("Hart Report"), attached hereto as Exhibit A, at BATES 2, ¶ 1. Officer Hart pulled off the road onto the grassy area, and parked his car crosswise, three feet away from Ms. Mays' car. *See* Mays Declaration, Exhibit B, at ¶ 3-4. A few moments later, another deputy arrived and parked fewer than three feet behind Ms. Mays, also crosswise. *Id.* at ¶ 5. By book-ending Ms. Mays' car, the officers prevented Ms. Mays from leaving the area. *Id.* at ¶¶ 5, 7.

Officer Hart approached Ms. Mays' car on foot. *See* Hart Report, Exhibit A, at ¶ 1. As he walked toward the car, Officer Hart noted that the three occupants of the car "made eye contact" with him. *Id.* He also noticed that Ms. Benzon "turned at her waist and bent over to her left." *Id.*

Finally, Officer Hart saw a cap of a plastic water bottle, filled with water, and a cigarette lighter on the dashboard of the car. *Id.*

Officer Hart then ordered one of the passengers, Ms. Jenny Benzon to get out of the car. *Id.* After she stood up, he saw a packet of tar heroin on the seat where she had been sitting. *Id.* The officer continued to detain the three passengers while he ran checks on their information. *Id.* He determined that there were two warrants for Ms. Mays' arrest issued by the San Francisco police department. *Id.* Officer Hart ordered Ms. Mays out of the car and took her into custody. He then searched the vehicle, including a woven beach bag. *Id.* at ¶ 2. Officer Hart found a small bag of marijuana in the beach bag. *Id.*

**ARGUMENT**

The arresting Park Police officer had no warrant to search or arrest Ms. Mays. The stop and search were therefore presumptively unreasonable. *See Katz v. United States*, 389 U.S. 347, 357 (1967). The government bears a "heavy" burden in demonstrating that exceptional circumstances justified departure from the warrant requirement. *United States v. Howard*, 828 F.2d 552, 555 (9th Cir. 1987) (citations omitted); see also *United States v. Linn*, 880 F.2d 209, 214 (9th Cir. 1989)(burden is upon the government by a preponderance of the evidence to prove that a warrantless search and/or seizure is lawful). If the government fails to meet this burden, all evidence and statements flowing from the warrantless seizure must be suppressed.

**I.  ALL EVIDENCE AND STATEMENTS MUST BE SUPPRESSED BECAUSE THE OFFICERS EFFECTUATED AN UNLAWFUL STOP BY BLOCKING MS. MAYS' CAR**

The Fourth Amendment strictly limits an officer's ability to detain and question persons suspected of criminal activity. The Supreme Court has long held that the traffic stop of a vehicle must meet the Fourth Amendment requirement of at least a reasonable suspicion of criminal conduct.

*See Delaware v. Prouse,* 440 U.S. 648, 653 (1979); *see also Whren v. United States,* 517 U.S. 806, 809-10 (1996)("Temporary detention of individuals during the stop of an automobile by the police, even if for only a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning of the Fourth Amendment."). Any evidence derived from an unlawful detention must be suppressed as the fruit of the poisonous tree. *Wong Sun v. United States*, 371 U.S. 471, 484-85 (1963).

A police officer has made a seizure for the purposes of the Fourth Amendment if he "accosts an individual and restrains his freedom to walk away." *Terry v. Ohio*, 392 U.S. 1, 16 (1968). Courts should determine whether a person has been seized based on whether, in light of the totality of the circumstances, "a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). A key factor in determining whether a reasonable person would not have felt free to leave is whether the officers blocked her path. As the Fifth Circuit held in *United States v. Berry*, "blocking an individual's path or otherwise intercepting him to prevent his progress in any way is a consideration of great, and probably decisive, significance." 670 F.2d 583, 597 (5th Cir. 1982); s*ee also United States v. Green*, 111 F.3d 515, 520 n.1 (7th Cir. 1997) (holding that officers effectuated a *Terry* stop of a parked car when they pulled behind the defendant's car and blocked his exit).

Officer Hart and his deputy seized Ms. Mays in violation of the Fourth Amendment. The officers effectuated a seizure when they used their cars to block Ms. Mays' egress by parking immediately in front and behind her. No reasonable person would feel free to leave a parked car after being boxed in by two police cars. Indeed, it would have been physically impossible for Ms.

Mays to drive away as she could not have maneuvered out of the confined area without running the risk of hitting the officers' cars.

This seizure violated the Fourth Amendment because the officers had no reasonable suspicion that Ms. Mays or any of her passengers were involved in criminal activity or had violated any traffic law or parking regulation. Officer Hart did not observe any allegedly suspicious behavior until *well after* the officers had already pulled onto the grass, blocked Ms. Mays' car and ordered the passenger out of the car.[1][2] All evidence derived as a result of this unlawful stop and all statements made to police after they initiated this stop must therefore be suppressed.

## II. ALL EVIDENCE AND STATEMENTS MUST BE SUPPRESSED BECAUSE THE OFFICERS EFFECTUATED AN UNLAWFUL SEIZURE BY ORDERING MS. BENZON OUT OF THE CAR

### A. Ms. Mays Was Seized When Ms. Benzon Was Ordered Out of the Car Because Under the Circumstances, No Reasonable Person Would Feel Free to Leave

Even if the Court determines that Ms. Mays was not stopped in violation of the Fourth Amendment when police officers blocked her from leaving the area, the evidence must be suppressed because the officers effectuated an unlawful seizure of Ms. Mays when they ordered Ms. Benzon out

---

[1] Although the government may claim, according to Officer Hart, Ms. Mays' car did not have a front license plate, this allegation has no basis. The car was properly registered with the Department of Motor Vehicles, and had a front and back license plates properly installed. *See* Mays Declaration at ¶ 8. Furthermore, John Sullivan, the owner of the car, installed new license plates in early 2006, and has attested to the fact that he personally observed the car with both its front and rear license plates attached in the proper locations as late as February 25, 2007. *See* Declaration of John Sullivan, attached hereto as Exhibit C, at ¶ 2-3. Ms. Mays was driving the Toyota Tercel that day with Mr. Sullivan's permission. *Id.* at ¶ 1. As such, Ms. Mays references to "my vehicle" in her Declaration are intended to reflect her possessory interest in the vehicle, as she was the rightful possessor of the Tercel on March 18, 2007 (as opposed to the passengers' interests).

[2] Ms. Mays declaration is also supported by the declaration of Pastor Carmen Perez, who saw the vehicle in question with both its front and back license plates attached on April 23, 2007. *See* Declaration of Carmen Perez, attached hereto at Exhibit D, at ¶ 3.

DEF. MOT. TO SUPPRESS
No. CR07-0295 MAG

5

of the car.  Ordering an individual out of a parked car constitutes a seizure for the purposes of the Fourth Amendment.  *See United States v. Pajari*, 715 F.2d 1378, 1381 (8th Cir. 1983).  When a passenger is seized by being ordered out of a car, the driver is also seized because a reasonable driver would not feel free to leave when an officer has ordered the driver's passenger out of the car.  *See Florida v. Bostick,* 501 U.S. 429, 439 (1991); s*ee also Brendlin v. California*, 127 S. Ct. 2400, 2407 (2007) (holding that a passenger has standing to challenge an illegal stop because the passenger will "expect to be subject to some scrutiny" even when the officer's attention is directed at the driver).

Ms. Mays was seized within the meaning of the Fourth Amendment when Officer Hart ordered Ms. Benzon out of the car.  Officer Hart approached Ms. Mays' car and ordered Ms. Benzon to get out of the car, allegedly based on his view non-contraband items, such as a bottle cap, water and a lighter.  *See* Hart Report, Exhibit A at ¶ 1.  By ordering Ms. Benzon out of the car, Officer Hart exhibited precisely the type of behavior that, under *Bostick*, would make a reasonable driver assume she could not leave the car.  Even though Officer Hart directed his order at Ms. Benzon, Ms. Mays felt "subject to suspicion owing to close association" and did not feel free to leave.  *See Brendlind,* 127 S.Ct. At 2407.   Officer Hart therefore seized Ms. Mays when he ordered her passenger out of the car.

**B.    The Seizure Was Unlawful Because Officer Hart Did Not Have Reasonable Suspicion of Criminal Activity**

Under *Terry*, an officer must have reasonable suspicion that an individual is involved in criminal activity before effectuating a stop or seizure.  392 U.S. at 27.  The reasonable suspicion must be founded on "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez*, 449 U.S. 411 (1981).  Courts must consider the totality

of the circumstances in determining whether the police officer had reasonable suspicion to make a stop. *United States v. Sokolow*, 490 U.S. 1 (1989).

An officer's observation of eye contact by car passengers and a passenger's supposedly furtive movement do not constitute reasonable suspicion. The Ninth Circuit has strongly disapproved of evidence of eye contact as a factor in establishing reasonable suspicion because "reliance upon 'suspicious' looks can so easily devolve into a case of damned if you do, equally damned if you don't." *United States v. Montero-Camargo*, 208 F.3d 1122, 1136 (9th Cir. 2000). In addition, furtive movements constitute reasonable suspicion only when considered in conjunction with other suspicious activity. *See, e.g.*, *United States v. Malone*, 886 F.2d 1162 (9th Cir. 1989) (holding that officer's observation that defendant was making furtive glances, in addition to wearing gang colors, traveling to city known to supply cocaine, traveling on airline favored by gang members, and carrying only shoe bag for three-day stay constituted reasonable suspicion).

Considered separately, none of the factors cited by Officer Hart provides any basis for reasonable suspicion. Viewing them in their totality, "they still add up to zero." *United States v. Thomas*, 211 F.3d 1186, 1192 (9th Cir. 2000). Under *Montera-Camargo*, the fact that the three passengers made eye contact with Officer Hart when he pulled onto the grass in front of their car is irrelevant. Indeed, given Officer Hart's startling maneuver, it was a natural response for Ms. Mays and her passengers to look up and watch him. Officer Hart's allegation that Ms. Benzon was attempting to conceal something when she "turned at her waist and bent over to her left" is conclusory. Ms. Benzon's movement was at most ambiguous – there is nothing inherently suspicious about turning and bending. This motion is far more ambiguous than the furtive motions in *Malone*. Unlike the defendant in that case, Ms. Benzon's motion was not accompanied by

obviously suspicious behavior consistent with drug trafficking. Finally, the two innocuous items – a cigarette lighter and a water bottle cap – on the dashboard of the car do not give rise to any inference of criminal misdoing.

In sum, eye contact, an ambiguous movement, and innocuous items on the car dashboard do not amount to reasonable suspicion. Officer Hart therefore violated the Fourth Amendment when he seized Ms. Mays and her passengers by ordering Ms. Benzon out of the car. The marijuana and heroin must be suppressed as a fruit of this unlawful seizure.

### III. THE COURT SHOULD SET AN EVIDENTIARY HEARING AND ORDER PRODUCTION OF DISCOVERY

Based upon the undisputed facts, the Court should grant Ms. May's motion to suppress on the filed papers. However, if the Court is not inclined to grant the motion on the papers, Ms. Mays respectfully requests that an evidentiary hearing be set on the motion to suppress presented in this memorandum. In connection with this requested evidentiary hearing, undersigned counsel requests that the government be directed disclose the names of all of the officers who were present during the seizure and search of Ms. Mays so that they may be subpoenaed to testify at the hearing.

Undersigned counsel further requests pursuant to Federal Rules of Criminal Procedure 12(h) and 26.2 that the government be directed to disclose the prior statements (including grand jury testimony) of any suppression hearing witnesses, including all law enforcement witnesses who were present at the seizure of Ms. Mays and the search of her vehicle, at least 48 hours prior to the evidentiary hearing in this matter to avoid unnecessary recesses during the course of the hearing as anticipated by Rule 26.2(d).

In addition, pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963), and its progeny, undersigned counsel hereby requests that the government be directed to disclose any other material exculpatory or impeachment information. Finally, pursuant to *United States v. Henthorn,* 931 F.2d 29 (9th Cir. 1991), undersigned counsel hereby requests that the government be directed to disclose any impeachment materials contained in the personnel files of any federal law enforcement agents who will be testifying or who were present at the seizure of Ms. Mays and search of her vehicle.

## CONCLUSION

For the foregoing reasons, Ms. Mays respectfully requests that this Court suppress all evidence and statements arising from her illegal detention, search, seizure, and arrest, occurring in violation of the Fourth Amendment.

Dated: August 14, 2007

Respectfully submitted,

BARRY J. PORTMAN
Federal Public Defender

/S/

_____
ELIZABETH M. FALK
Assistant Federal Public Defender