SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WENDY THOMAS (NYBN 4315420)
Special Assistant United States Attorney

   450 Golden Gate Avenue, 11th Floor
   San Francisco, California  94102
   Telephone:  (415) 436-6809
   Facsimile: (415) 436-7234
   wendy.thomas@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. No. 07-0295 MAG |
| Plaintiff, ) | UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE |
| v. ) | |
| ) | Hearing Date: September 18, 2007 |
| NICOLE MAYS, ) | Time:         11:00 a.m. |
| Defendant. ) | Judge:        Hon. Elizabeth D. Laporte |

**I. INTRODUCTION**

On May 15, 2007, the United States filed an Information charging Nicole Mays ("Mays" or "Defendant") with two violations of Title 21, United States Code, Section 844(a), Possession of a Controlled Substance.  Mays contends that Sergeant Thomas Hart ("Sergeant Hart") violated her Fourth Amendment rights by stopping her without reasonable suspicion that she had been, was presently, or was about to become engaged in criminal activity and therefore the evidence seized following his initial contact with her should be suppressed.  Defendant's contentions are incorrect and her motion to suppress should be denied.

UNITED STATES' RESPONSE TO
DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
CR-07-0295 MAG                                        1

## II. STATEMENT OF FACTS

On March 18, 2007, at approximately 1:50 p.m., Sergeant Hart was in uniform on patrol in a marked police vehicle when he observed a Toyota sedan parked west of the Crissy Field restrooms with no front tag properly displayed. See Declaration of Sergeant Thomas Hart, attached hereto as Exhibit A, at ¶ 2, 3. Sergeant Hart approached the vehicle and saw three occupants in the car make eye contact with him. Id. at ¶ 4. Sergeant Hart observed the individual seated in the front passenger seat turn at her waist and bend over to her left and it appeared to Sergeant Hart that this individual was concealing something from his view. Id. at ¶ 6.

Once Sergeant Hart got closer to the vehicle, he observed a plastic bottle cap filled with water and a red "Bic" style lighter in plain view on the vehicle's front dashboard. Id. at ¶ 7. The individual in the driver seat, later identified as Mays, asked Sergeant Hart if it was illegal to park on the grass and Sergeant Hart said no. Id. at ¶ 8. Sergeant Hart advised Mays that her car was not properly displaying the front tag. Id. at ¶ 9. Because of the furtive movements of the front passenger, Sergeant Hart asked the front passenger to step out of the vehicle. She complied and Sergeant Hart noticed on the seat where the front passenger had been sitting two metal spoons and a small dark substance wrapped in clear plastic. Id. at ¶ 10. Sergeant Hart observed a thick dark substance affixed to the bottom of one of the spoons that appeared to him to be "tar" heroin. Id. at ¶ 11, 12. Sergeant Hart asked who owned the heroin and Mays responded, "It's mine." Id. at ¶ 13.

When Sergeant Hart ran Defendant's information through the NCIC/CLETS computer database, her information returned active for two outstanding warrants (Warrant #'s WXX-622689 and WXX-SD14921). Id. at ¶ 14. Mays was placed under arrest for heroin possession and the two outstanding warrants. Id. at ¶ 15. In a search incident to that arrest, Mays was found to be carrying in her purse a clear plastic bag containing a dried green leafy substance which appeared Sergeant Hart to be marijuana. Id. at ¶ 16. A search of the vehicle uncovered a clear plastic bag filled with twenty plastic syringes on the front passenger floorboard. Id. at ¶ 17.

UNITED STATES' RESPONSE TO
DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
CR-07-0295 MAG                    2

**III. ARGUMENT**

**I. EVIDENCE COLLECTED FROM DEFENDANT'S VEHICLE AND PERSON SHOULD NOT BE SUPPRESSED BECAUSE DEFENDANT'S FOURTH AMENDMENT RIGHTS WERE NOT VIOLATED.**

The Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." U.S. Const. amend. IV.  Automobile stops by police officers are seizures within the meaning of the Fourth Amendment and are subject to the constitutional requirement that they not be unreasonable." *See Delaware v. Prouse*, 440 U.S. 648, 653 (1979).

**A. Sergeant Hart Did Not Effect A Seizure Of Mays By Parking His Patrol Car Near The Car In Which Mays Was Seated.**

Defendant contends that Sergeant Hart blocked Defendant's vehicle, thereby effecting a seizure. *See* Def. Mot. To Suppress, at 2. Defendant alleges that she was about to drive away from the area when, before she could pull away, she was "suddenly surrounded by United States Park Police on all sides." *See* Def. Mot. To Suppress, Ex. B, at ¶ 3.

At the time that Sergeant Hart approached the vehicle in which Mays was seated, his was the only police vehicle in the vicinity. *See* Declaration of Sergeant Thomas Hart, attached hereto as Exhibit A, at ¶ 5. Furthermore, Defendant was seated in a vehicle that was parked in an open field. *Id*, at ¶ 2. It is hard to imagine how Sergeant Hart, in his single police vehicle, blocked Defendant in on all sides. It was only after Sergeant Hart observed narcotics in the vehicle that he requested assistance from other officers.

**B. Even If Sergeant Hart Had Effected A Seizure By Parking Near Mays, Sergeant Hart Had Probable Cause To Investigate And Detain Mays Because The Vehicle She Was Occupying Was Not Properly Displaying Its Front License Plate.**

United States Park Police have authority to investigate and make warrantless arrests for offenses committed in their presence. 16 U.S.C. § 1a-6(b). If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he

UNITED STATES' RESPONSE TO
DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
CR-07-0295 MAG                                  3

may, without violating the Fourth Amendment, arrest the offender. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). When an officer has this discretion to arrest for a petty misdemeanor committed in his or her presence, the officer may exercise that discretion. *See U.S. v. Zislovich*, 150 Fed.Appx. 607, 610 (9th Cir. 2005). Here, Mays was seated in the driver seat of a car that was not properly displaying a front license plate, in violation of California Vehicle Code Section 5200(a). California courts have consistently found "the lack of a front license plate has long been recognized as a legitimate basis for a traffic stop." *People v. Saunders*, 38 Cal. 4th 1129, 1136 (2006). Defendant provides Declarations which support the contention that the Toyota at various times has properly displayed its front license plate. *See* Def. Mot. To Suppress, Ex. C, D. Neither of these individuals were present with the Defendant on March 18, 2007 and neither Declaration states that the vehicle had its front license plate properly displayed on March 18, 2007. Sergeant Hart had reason to believe that the vehicle was in violation of vehicle code because it was not properly displaying a front license plate. Under *Atwater,* this is sufficient reason to arrest Mays.

Defendant cites *United States v. Whren* for the proposition that any temporary detention of an individual in a vehicle constitutes an illegal seizure. *See* Def. Mot. To Suppress, at 4. In fact, in *United States v. Whren*, a unanimous Supreme Court held that a stop was reasonable under the Fourth Amendment where officers had probable cause to believe that the petitioner violated the traffic code, even if the ultimate charge was not related to the traffic stop. 517 U.S. 806, 808-09 (1996).[1] *See United States v. Willis*, 431 F.3d 709, 711, 713 (9th Cir. 2005) (*Whren* stands for the proposition that if the officers have probable cause to believe that a traffic violation occurred, the officers may conduct a traffic stop even if the stop serves some other purpose); *See also*

---

[1] In *Whren*, plainclothes police officers observed the petitioners stop at an intersection for 20 seconds, an "unusually" long time. 517 U.S. at 808. When defendants sped off, the police followed in their unmarked car, and when the defendants stopped at a red light, a plainclothes officer got out of his car and went to the petitioners' vehicle and told them to pull over to the side. He then observed what he suspected were drugs in plain view and arrested the men. *Id.* at 808-09. The Supreme Court refused to look beyond whether or not the police officer had probable cause to make a traffic stop, and rejected any approach that would consider the subjective motives of an individual officer. *Id.* at 811-13.

UNITED STATES' RESPONSE TO
DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
CR-07-0295 MAG                           4

*Devenpeck v. Alford*, 543 U.S. 146, (2004) ("[The] subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause."); *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1094 (9th Cir. 2006) (under *Devenpeck*, the subjective reason that the officer arrested defendant is irrelevant so long as the available facts suggested that defendant was committing a crime). Here, Sergeant Hart knew that the car was in violation of vehicle code when he approached it and he therefore had probable cause to detain Mays.

### C. Sergeant Hart Had Reasonable Suspicion That Criminal Activity Was Afoot When He Asked The Front Seat Passenger To Step Out Of The Car.

The essential requirement of the Fourth Amendment is that searches and seizures be reasonable. The reasonableness requirement ordinarily demands that a search or seizure be justified at its inception by a showing of probable cause, or, in the case of a more limited "investigative stop," by reasonable suspicion, based on specific and articulable facts, that unlawful conduct has occurred or is occurring. *United States v. Sokolow*, 490 U.S. 1, 7 (1989); *Reid v. Georgia*, 448 U.S. 438, 440 (1980) (per curiam); *Terry v. Ohio*, 392 U.S. 1 (1968); *see also U.S. v. Place*, 462 U.S. 696, 702 (1983). "[T]he level of suspicion required for a *Terry* stop [i.e. reasonable suspicion] is obviously less demanding than that for probable cause." *U.S. v. Sokolow*, 490 U.S. 1, 7 (1989). Whether an officer has reasonable suspicion is based on the totality of the circumstances, taking into account the specific articulable facts along with the rational inferences to be drawn from the facts. *United States v. Rocha-Lopez*, 527 F.2d 476, 477 (9th Cir. 1975). Moreover, the facts giving rise to the "reasonable suspicion" are measured against an objective reasonable person standard and not by the subjective impressions of the particular officer. *Id.*

Defendant alleges that Sergeant Hart unlawfully seized Defendant when he ordered the front seat passenger out of the vehicle. *See* Def. Mot. To Suppress, at 6. It is well established that an officer effecting a lawful traffic stop may order the driver and the passengers out of a vehicle. *Maryland v. Wilson*, 519 U.S. 408, 410 (1997). In *Wilson*, the Supreme Court considered

UNITED STATES' RESPONSE TO
DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
CR-07-0295 MAG                    5

1  whether police officers can order a passenger out of a lawfully stopped vehicle under the Fourth
2  Amendment, balancing the passenger's liberty interest with the public interest in officer safety.
3  519 U.S. at 413-14.  The *Wilson* Court recognized that the passenger's liberty interests are
4  stronger than the interests of the driver because, although there is probable cause to stop the
5  driver based on the traffic infraction, "there is no such reason to stop or detain the passengers."
6  *Id.* at 413.  However, the Court found that the additional intrusion was minimal because: "as a
7  practical matter, the passengers are already stopped by virtue of the stop of the vehicle," and
8  thus, "the only change in [the passengers'] circumstances which will result from ordering them
9  out of the car is that they will be outside of, rather than inside of, the stopped car." *Id.* at 413-14.
10 The *Wilson* court found a that the public interest in officer safety outweighed the minimal
11 intrusion on a passenger's personal liberty.  *Id* at 413.  *See also Pennsylvania v. Mimms,* 434
12 U.S. 106 (1977)(the personal intrusion in asking an individual to get out of his car is minimal);
13 *United States v. Williams*, 419 F.3d 1029 (9th Cir. 2005)(Court found that officers may also
14 order passengers get back into vehicles that they exit without permission).  Here, when Sergeant
15 Hart asked the passenger to get out of the vehicle the car was already stopped and therefore the
16 intrusion upon the passenger was minimal.
17     Furthermore, not only had Sergeant Hart observed a vehicle code infraction which would
18 give rise to a lawful traffic stop had the car been in motion, but as he approached the vehicle all
19 three passengers made eye contact with him and the front passenger turned to her side and made
20 a furtive movement that suggested to Sergeant Hart she was concealing something from his
21 view.  *See* Ex. A, at ¶ 4, 6.  The furtive movements of the passenger are a factor that supports a
22 finding of reasonable suspicion. *See United States v. Garcia-Barron*, 116 F.3d 1305, 1308 (9th
23 Cir. 1997) (passengers ducking down in van as it passed Border Patrol agents are a factor
24 supporting a finding of reasonable suspicion); *See also United States v. Nam*, 1 Fed. Appx. 738
25 (9th Cir. 2001)(furtive movements are a factor supporting a finding of reasonable suspicion to
26 support asking a defendant to get out of a car).  Sergeant Hart also observed materials in plain
27 view consistent with use of a controlled substance which led him to believe the vehicle could be
28

UNITED STATES' RESPONSE TO
DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
CR-07-0295 MAG                6

carrying a controlled substance. *Id.* at ¶ 7.  "[When,] during a traffic stop, an officer develops a reasonable, articulable suspicion that a vehicle is carrying contraband, he has justification for a greater intrusion unrelated to the traffic offense." *United States v. White*, 42 F.3d 457, 460 (8th Cir. 1994).

Sergeant Hart asked the front passenger to step out of the vehicle only after he had observed specific and articulable facts which gave rise to reasonable suspicion and therefore it was not an unlawful detention that would justify suppression of the evidence in this case.

### D. Once Sergeant Hart Observed Narcotics In The Car, He Had Probable Cause To Arrest And Search The Defendant.

Under federal law searches incident to arrest constitute a traditional exception to the warrant requirement of the fourth amendment. *United States v. Robinson*, 414 U.S. 218, 224 (1973).  As the exception applies to automobiles, the Supreme Court has held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *New York v. Belton*, 453 U.S. 454, 460 (1981) (footnotes omitted).  Here, when the front passenger of the vehicle got out, Sergeant Hart observed what appeared to him to be "tar" heroin on the seat. *See* Ex. A, at ¶ 12.  He asked who the drugs belonged to and the Defendant stated they belonged to her. *See* Ex. A, at ¶ 13.  He also determined that the Defendant had outstanding warrants. *See* Ex. A, at ¶ 14.  All of these factors provided a basis on which to arrest and search Mays, her purse, and the vehicle.

//
//
//
//
//
//
//
//

UNITED STATES' RESPONSE TO
DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
CR-07-0295 MAG                             7

### IV. CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court deny Defendant's motion to suppress all evidence and statements arising from the encounter between Sergeant Hart and the Defendant.

Dated: August 27, 2007

                Respectfully Submitted

                SCOTT N. SCHOOLS
                United States Attorney

                _____/s/_____
                WENDY THOMAS
                Special Assistant United States Attorney