BARRY J. PORTMAN
Federal Public Defender
ELIZABETH M. FALK
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant MAYS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 07-0295 MAG |
| Plaintiff, | ) ) | **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE AND STATEMENTS; REQUEST FOR EVIDENTIARY HEARING** |
| v. | ) ) ) ) | |
| NICOLE MAYS, | ) ) | Date: September 18, 2007 |
| Defendant. | ) ) ) | Time: 11:00 a.m. Court: The Honorable Elizabeth D. Laporte |

This case warrants an evidentiary hearing. The facts are currently in dispute as to whether or not the automobile that Ms. Mays was driving had its front license plate attached at the time of the seizure. The facts surrounding the officer's approach of Ms. Mays are also in dispute. Ms. Mays recollection of the facts surrounding the seizure are different from the officer's. The government's legal analysis depends on the Court's resolution of its factual assertions in the government's favor. In such situations, an evidentiary hearing is necessary.

The legal determinations this Court must make in this case are fact determinative; whether or not the officer had reasonable suspicion to seize the car and pull the passenger out of the car depends on the facts that are currently in dispute. For example, Ms. Mays concurs with the government's analysis that under *Maryland v. Wilson*, 519 U.S. 408, 410 (1997), an officer can lawfully pull a

1 passenger out of a vehicle if a lawful traffic stop is effected.  However, the facts of this case are
2 different than a normal traffic stop; here, the car was already parked at the time the officer
3 approached.  The officer provides a justification for approaching the vehicle that Ms. Mays disputes;
4 whether the car had a front license plate.  Until this factual issue is resolved by the Court, it would be
5 impossible for the Court to make any determination regarding reasonable suspicion under the *Wilson*
6 test.  Whether or not *Wilson* even applies depends upon whether the "stop" in this matter was lawful.

7     Nor are the government's arguments regarding the passengers' eye contact and alleged furtive
8 movements dispositive on the issue of reasonable suspicion.  In the Ninth Circuit, these actions only
9 constitute reasonable suspicion when considered in conjunction with other suspicious activity.  *See*
10 *United States v. Malone*, 886 F.2d 1162 (9th Cir. 1989).  As stated in the opening brief, eye contact
11 with police is strongly disapproved of in the Ninth Circuit as a factors that, standing alone,
12 constitutes reasonable suspicion.  See United States v. Montero-Camargo, 208 F.3d 1122, 1136 (9th
13 Cir. 2000).  The government's opposition does not discuss any of these cases.

14     The law of this case flows from the facts deduced.  For these reasons, Ms. Mays respectfully
15 requests an evidentiary hearing to resolve the facts that are in dispute.  Following that hearing, Ms.
16 Mays can and will supplement this Reply Brief to discuss the law of reasonable suspicion as applied
17 to the facts.
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //

DEF. MOT. TO SUPPRESS
No. CR07-0295 MAG

## CONCLUSION

For the foregoing reasons, Ms. Mays respectfully requests that this Court order an evidentiary hearing to determine the facts that occurred on March 18, 2007. In the alternative, Ms. Mays respectfully requests this Court to suppress all evidence and statements arising from her illegal detention, search, seizure, and arrest, occurring in violation of the Fourth Amendment. Should this Court elect to hold an evidentiary hearing, Ms. Mays respectfully requests that the matter be rescheduled to late September or early October, 2007. The reason for this request is to ensure that Ms. Mays has adequate time to subpoena all the witnesses necessary to testify at the hearing with respect to the license plate issue. Until a hearing date is established, Ms. Mays cannot utilize the subpoena power of this Court. Ms. Mays appreciates the Court's consideration in this regard.

Dated: September 5, 2007

Respectfully submitted,

BARRY J. PORTMAN
Federal Public Defender

/S/

_____
ELIZABETH M. FALK
Assistant Federal Public Defender