1  BARRY J. PORTMAN
   Federal Public Defender
2  ELIZABETH M. FALK
   Assistant Federal Public Defender
3  450 Golden Gate Avenue
   San Francisco, CA 94102
4  Telephone: (415) 436-7700

5  Counsel for Defendant MAYS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 07-295 MAG |
| Plaintiff, ) | |
| ) | **REVISED** STIPULATION AND |
| vs. ) | ORDER CONTINUING |
| ) | EVIDENTIARY HEARING |
| NICOLE MAYS, ) | |
| ) | Date: October 9, 2007 |
| Defendant. ) | Time: 11:00 a.m. |
| ) | Court: The Honorable Elizabeth |
| ) | D. Laporte |

REVISED STIPULATION

The parties hereby agree and request this Court to continue the evidentiary hearing in the above-captioned matter from October 9, 2007 at 11:00 a.m. to November 20, 2007 at a time convenient to the Court. The continuance is requested by defense counsel for three reasons.

First, the defense investigator assigned to this matter is planning to be out of town for the remainder of the week on a different case, and defense counsel will not be able to use her investigator to locate and subpoena witnesses this week. Second, defense counsel is having trouble locating one witness for the hearing. Third, defense counsel has determined that one of the necessary witnesses to the hearing, John Sullivan, is still in custody. He was sentenced in state court in Santa Rosa on September 28, 2007 to a drug treatment program.[1] He is currently in custody at the Main Adult

---

[1] Defense counsel learned this information from the investigator assigned to the case, Fredrick Anderson, who has been communicating with the Main Adult Detention Facility in Santa

1  Detention Facility in Santa Rosa waiting for a bed to open up at a program, and as such, he remains in
2  custody as of October 2, 2007. It is not at all clear that the witness will be out of custody in time to
3  report for a hearing on October 9, 2007. Representatives from the MADF who spoke to the
4  investigator on this case could not estimate the amount of time it would take for a bed space to open
5  up.

6  Defense counsel is currently in the process of procuring a writ ad testificadum for the witness'
7  presence in the event that a treatment program bed does not open up by that date. Defense counsel
8  recently learned that the Marshal Service needs approximately one month's notice to ensure an in-
9  custody witness' presence in court. As such, although the parties are available on October 23, 2007
10 for a hearing, it is unclear whether the Marshal Service could effect a writ this early. The writ ad
11 testificadum for Mr. Sullivan will be filed as soon as this Court selects a date for the continued
12 hearing. Counsel cannot prepare the writ until a finalized hearing date is in place.

13  In the event that the witness is released to a treatment program over the next two weeks,
14 defense counsel can subpoena the witness at the program, and a writ ad testificadum will not be
15 necessary. It is difficult to determine the length of time that will be required for a bed space to open
16 up for Mr. Sullivan. As such, it appears that the safer course will be to continue the hearing to
17 November 20, 2007, at either 11:00 a.m. or in the afternoon. Continuing the hearing to this date will
18 ensure that defense counsel has time to follow up on all possible courses to procure the witness'
19 presence at the hearing, as well as to locate the missing witness.

20  For these reasons, defense counsel requests a continuance of the evidentiary hearing date to
21 November 20, 2007 at 11:00 a.m., or at a time convenient to the Court. Government counsel has no
22 objection to the request. Defense counsel also wishes to alert the Court that the parties have
23

24 Rosa about Mr. Sullivan's custody status. Originally, Mr. Anderson misspoke when he informed
   defense counsel yesterday that the witness was due to be sentenced on October 28, 2007. The month
25 was incorrect; the correct date of the witness' sentencing was September 28, 2007. Yesterday
   morning, October 2, 2007, defense counsel learned the correct information after her secretary e-filed
26 the original stipulation. Defense counsel is now filing the corrected stipulation to ensure that the
   proper information about the witness is before the Court.

discussed their schedules, and November 20, 2007 is the first available Tuesday the parties are both available after October 23, 2007. On October 30, 2007, defense counsel is scheduled for a lengthy sentencing proceeding before the Honorable Judge Shubb in a 26 count bankruptcy fraud case. On November 5, November 6, and November 7, 2007, defense counsel will be out of town on another case, and government counsel is also unavailable that week. Furthermore, government counsel is unavailable on November 13, 2007 through the rest of the week, as she is in trial. As such, November 20, 2007 is the first available Tuesday for both parties. The parties anticipate that the hearing will take two hours to complete, as the defense is calling approximately five witnesses, and the government will be calling one.

It is so stipulated.

DATED:10/03/07                 _____/s/_____
                               ELIZABETH M. FALK
                               Assistant Federal Public Defender

DATED:10/03/07                 _____/s/_____
                               WENDY THOMAS
                               Assistant United States Attorney

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this e-filed document.

**[~~PROPOSED~~] ORDER**

For the aforementioned reasons, the evidentiary hearing in the above captioned case is continued to __November 20, 2007__ at __2:00 p.m.__.

DATED: October 3, 2007        _____
                              THE HONORABLE ELIZABETH D. LAPORTE
                              UNITED STATES MAGISTRATE JUDGE

STIP & ORDER CONTINUING
EVIDENTIARY HEARING
*United States v. Nicole Mays*
CR 07-295 MAG                    - 3 -