BARRY J. PORTMAN
Federal Public Defender
ELIZABETH M. FALK
JODI LINKER
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant MAYS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | CR 07–0295 MAG |
| Plaintiff,  ) | |
| v.  ) | DEFENDANT'S PROPOSED JURY INSTRUCTIONS |
| NICOLE LEA MAYS,  ) | Pretrial Date: April 1, 2008 |
| Defendant.  ) | Time:  2:00 p.m.<br>Court:  The Honorable Elizabeth D. Laporte |

Pursuant to this Court's order, defendant Nicole Mays respectfully submits the following separate proposed jury instructions in the above-captioned case.

Dated:    March 18, 2008

                                    Respectfully submitted,

                                    BARRY J. PORTMAN
                                    Federal Public Defender

                                           /S/

                                    ELIZABETH M. FALK
                                    Assistant Federal Public Defender

DEFENDANT'S PROPOSED JURY INSTRUCTIONS
CR 07–0295 MAG

**DEFENDANT'S MOTION FOR ADDITIONAL OR MODIFIED JURY INSTRUCTIONS**

I.   **The Defense Requests that the Indictment not be Read to, Shown to or Distributed to the Jury**

Ms. Mays hereby requests that the information itself not be physically read to, shown, or distributed to the jury.

II.   **The Defense Requests an Instruction on the Credibility of Law Enforcement Witnesses**

The government will be relying heavily at trial on the testimony of United States Park Police. The seminal issue in the case is whether or not, in response to Officer Thomas Hart's alleged non--Mirandized inquiry "who's drugs are these" Ms. Mays responded "mine." This statement is essentially the government's entire case in connection with the heroin charge. Because jurors may have a natural tendency to give more credence to a law enforcement witness than another type of witness, Ms. Mays respectfully proposes an instruction stating that neither greater nor lesser credence should be given to a law enforcement witness. This proposed instruction was given verbatim in *United States v. Mitchell,* 796 F. Supp. 13, 21 (D.D.C. 1992). Equivalent instructions have been given in numerous other cases. *See*, *e.g.*, *United States v. Victoria-Peguero,* 920 F.2d 77, 85 (1st Cir. 1990); *United States v. Nash,* 910 F.2d 749, 755 (11th Cir. 1990). For these reasons, the Court should instruct the jury regarding the credibility of law enforcement witnesses in this case.

The proposed instruction is as follows:

\\
\\
\\
\\
\\
\\

**LAW ENFORCEMENT WITNESS**

The testimony of a law enforcement official or police officer should be considered by you just as any other evidence in the case, and in evaluating his or her credibility you should use the same guidelines which you apply to the testimony of any witness. In no event should you give either greater or lesser credence to the testimony of any witness merely because he or she is, or was, a law enforcement official.

DEFENDANT'S PROPOSED JURY INSTRUCTIONS
CR 07–0295 MAG                                  3

### III.     The Defense Requests the Mere Presence Instruction (Ninth Circuit Model Instruction 6.9)

The defense also requests that the Court give Ninth Circuit Model Instruction 6.9, the Mere Presence instruction. The text of this instruction is set forth on the following page. When the government's case rests primarily on the defendant's presence and nothing more, a mere presence instruction should be given. *See United States v. Medrano*, 5 F.3d 1214, 1218 (9th Cir. 1993). Here, the government's entire case on the heroin charge (Count One) is Ms. Mays' presence in the car when the heroin was found by Officer Hart underneath passenger Jenny Benzon. Although Officer Hart claims that Ms. Mays admitted to possessing the heroin, and stating "that's mine" in response to his question on ownership, the defendants and defense witnesses strongly dispute this contention. The jury may well fail to believe Officer Hart on this point. If this is the case, the only remaining case the government has on Count One connecting Ms. Mays with the heroin relies on her presence in the automobile. Under these circumstances, a "mere presence" instruction is appropriate.

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

DEFENDANT'S PROPOSED JURY INSTRUCTIONS
CR 07–0295 MAG                                                            4

**MERE PRESENCE**

(Ninth Circuit Model Instruction 6.9)

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of possessing heroin or the crime of possessing marijuana, unless you find that the defendant was a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with the other evidence in the case.

**IV.     The Defense Requests the Ninth Circuit Model Instruction on Possession**

The defense requests the Ninth Circuit Model Instruction on Possession, as follows:

### 3.18     POSSESSION – DEFINED

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

### V. The Defense Reserves the Right to Submit Additional Instructions to this Court At the Close of the Evidence, Including a Theory of the Defense Instruction

The defense also preserves the right to request additional jury instructions during the trial and up to closing arguments, which reflect new facts, testimony, and theories.[1] Specifically, based on the evidence and testimony produced at trial the defense will be seeking a "theory of defense" instruction before closing arguments. *See, e.g., United States v. Jackson*, 84 F.3d 1154, 1157 (9th Cir. 1996) ("It is settled law that a defendant is entitled to have the judge instruct the jury on his theory of the case, provided that it is supported by law and has some foundation in the evidence.") (internal quotations and

\\

---

[1] Federal Rule of Criminal Procedure 30 provides that, "[a]t the close of evidence or such earlier time as the trial court reasonably directs, any party may file written requests that the court instruct the jury on the law set forth in the requests." *See* Fed. R. Crim. P. 30; *see also Smith v. United States*, 390 F.2d 401, 403 (9th Cir. 1968) ("[i]f an instruction is desired it should be prepared and requested at the conclusion of evidence"). The two main reasons why the parties are required to submit requests at the close of evidence (or earlier) are to ensure that the court will have ample opportunity to consider requests when formulating its charge to the jury and to provide opposing counsel with sufficient notice in order to prepare closing arguments and possible objections to proposed instructions. *See United States v. Tourine*, 428 F.2d 865, 868-69 (2d Cir. 1970)(defendant's request made *after* summation and just before court was preparing to charge jury held untimely and properly denied) (emphasis added).

If a request for jury instructions is timely, then the mandatory consideration requirements of Rule 30 are triggered. The trial judge is then required to review the content of such a request and inform counsel of its decisions regarding the proposed instructions. *See* Fed. R. Crim. P. 30 ("The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury."). More importantly, if the defendant's timely request relates to a legitimate theory of defense, then the court must grant the request (or provide a substantially similar instruction). *See United States v. Romero-Avila*, 210 F.3d 1017, 1023 (9th Cir. 2000).

Additionally, it is proper for a party to reserve the right to submit instructions since litigants cannot always know which jury instructions to request until certain facts or testimony is revealed at trial. *See, e.g., People of the Territory of Guam v. Rosario*, 625 F.2d 811, 811-12 (9th Cir. 1979) (defendant's objection to jury charge and request for lesser-included offense instruction deemed timely and required, even though defendant's request was made after jury had been instructed, but before retiring); *United States v. Hansen-Sturm,* 25 Envtl. L. Rep. 20,861, 20,862-63 (9th Cir. 1995) (no appropriate ground for government to have requested instruction on lesser-included offense until after defendant had testified).

DEFENDANT'S PROPOSED JURY INSTRUCTIONS
CR 07–0295 MAG                                7

1 | citation omitted).

2 | Dated:          March 18, 2008

Respectfully submitted,

BARRY J. PORTMAN
Federal Public Defender

/S/

ELIZABETH M. FALK
Assistant Federal Public Defender

DEFENDANT'S PROPOSED JURY INSTRUCTIONS
CR 07–0295 MAG                                  8