JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WENDY THOMAS (NYBN 4315420)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102
    Telephone: (415) 436-6809
    Facsimile: (415) 436-7234

NOAH ABRAMS
Law Clerk

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 07-0295 MAG |
| Plaintiff, ) | |
| v. ) | <u>JOINT PROPOSED JURY INSTRUCTIONS</u> |
| NICOLE LEA MAYS, ) | Pretrial Date: April 1, 2008 |
| Defendant. ) | Time: 2:00 p.m. |
| ) | Court: The Honorable Elizabeth D. Laporte |

    The parties have no objection to Jury Instructions 1.01 through 1.11, 2.01 through 2.02, 3.01 through 3.08, and 7.01 through 7.05 from the Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit (1997 edition) proposed by the Court in the pretrial order. In addition, the parties hereby submit additional jury instructions for the Court's consideration: Jury Instructions 2.4, 3.9, 3.12, 4.1, 5.6 and a modified version of 9.13. Jury Instruction 2.4 deals with stipulated facts. The parties believe that this instruction is necessary because the parties anticipate entering into stipulations in this case. Jury Instruction 3.9 deals with the

1  credibility of witnesses.  The parties believe that this instruction is necessary due to the
2  conflicting testimony of witnesses.  Jury Instruction 3.12 covers separate counts.  The parties
3  believe that this instruction is necessary due to the fact that the defendant is charged with two
4  counts.  Jury Instruction 4.1 concerns statements made by defendant.  Since both parties
5  submitted in their motions that the defendant made statements to a Park Police Officer, the jury
6  should be instructed on how to evaluate those statements and assess the weight to give such
7  statements.  The language from Jury Instruction 4.1 was expressly approved in *United States v.*
8  *Hoac,* F.2d 1099, 1108 n.4 (9th Cir. 1993).  Additionally, failure specifically to instruct the jury
9  to weigh the statement in light of its circumstances has been found grounds for reversal, although
10 not plain error in this Circuit. *See United States v. Miller*, 603 F.2d 109 (9th Cir. 1979).  Jury
11 Instruction 5.6 covers the definition of "knowingly".  Since 21 U.S.C. 844(a) provides that it is
12 unlawful for any person to "knowingly or intentionally" possess a controlled substance, we
13 believe Jury Instruction 5.6 should be given.  Jury instruction 9.13 deals with the definition of
14 the crime.  There is no Model Ninth Circuit instruction for Title 21, United States Code, Section
15 844(a).  The closest model instruction is 9.13, which instructs on Possession with Intent to
16 Distribute a Controlled Substance.  We have proposed a modified version of 9.13.
17 DATED: 3/18/08

18                              Respectfully submitted,

20                              JOSEPH P. RUSSONIELLO
                                United States Attorney

22                              _____/s/_____
                                WENDY THOMAS
23                              Special Assistant United States Attorney

Joint Additional Jury Instructions
CR 07-0295 MAG                            2

**2.4 STIPULATIONS OF FACT**

(Ninth Circuit Model Instruction - Approved 2000)

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

Joint Additional Jury Instructions
CR 07-0295 MAG                3

## 3.9 CREDIBILITY OF WITNESSES

(Ninth Circuit Model Instruction - Approved 2000)

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Joint Additional Jury Instructions
CR 07-0295 MAG                           4

**3.12 SEPARATE CONSIDERATION OF MULTIPLE COUNTS—**
**SINGLE DEFENDANT**

(Ninth Circuit Model Instruction - Approved 2000)

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

**4.1 STATEMENTS BY DEFENDANT**

(Ninth Circuit Model Instruction - Approved 2000)

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

**5.6 KNOWINGLY — DEFINED**

(Ninth Circuit Model Instruction - Approved 2002)

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that her acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

## 9.13 CONTROLLED SUBSTANCE—POSSESSION
### (21 U.S.C. § 844(a))

The defendant is charged in Count One with possession of heroin in violation of Section 844(a) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove the following beyond a reasonable doubt:

The defendant knowingly possessed heroin.

It does not matter whether the defendant knew that the substance was heroin. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

The defendant is charged in Count Two with possession of marihuana in violation of Section 844(a) of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove the following beyond a reasonable doubt:

The defendant knowingly possessed marihuana.

It does not matter whether the defendant knew that the substance was marihuana. It is sufficient that the defendant knew that it was some kind of a prohibited drug.