BARRY J. PORTMAN
Federal Public Defender
ELIZABETH M. FALK
JODI LINKER
Assistant Federal Public Defenders
19th Floor Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant MAYS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-295 EDL |
| Plaintiff, | MOTION IN LIMINE TO EXCLUDE EVIDENCE OF WARRANTS |
| v. | PRETRIAL CONFERENCE |
| NICOLE MAYS, | April 1, 2008 |
| | 2:00 p.m. |
| Defendant. | |

**INTRODUCTION**

Defendant Nicole Mays respectfully moves to exclude all evidence of, or reference to, the warrants that were pending against her at the time of her arrest on the instant charges. Because the issue of whether Ms. Mays had an active warrant is wholly irrelevant to the allegations against her, the evidence is inadmissible under Federal Rule of Evidence ("FRE") 401. Even if the Court finds the evidence admissible under FRE 401, it is inadmissible under FRE 403 because the marginal, if any, probative value of this evidence is substantial outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Moreover, even if the Court finds this evidence admissible under FRE 401 and 403, nonetheless it must be

excluded from trial because it does not meet the requirements of Federal Rule of Evidence 404(b) or 609 for admissibility.

## ARGUMENT

### I.  THE WARRANTS ARE IRRELEVANT TO THE ALLEGATIONS HERE

Ms. Mays has been charged by information with two counts of violating 21 U.S.C. Section 844(a), Possession of a Controlled Substance. These charges stem from the government's allegation that a National Park Service police officer found small amounts of heroin and marijuana in Ms. May's car. In its Trial Brief and Witness List, the government states that the arresting officer, Sergeant Thomas Hart, will testify that he ran Ms. May's identification and discovered that she had two active warrants for a failure to appear on a charge of violating California Penal Code section 487, shoplifting, out of the City and County of San Francisco. The arrest warrants, however, have absolutely no bearing on the charges against her and are therefore inadmissible under FRE 401.

FRE 401 defines "Relevant Evidence" as follows:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probation that it would be without the evidence.

Accordingly, to be relevant, "evidence must possess logical probative value toward some fact that is legally of consequence to the case." Steven Goode & Olin Guy Wellborn III, *Courtroom Evidence Handbook*, 71 (2007-2008 Ed.)

Here, the arrest warrants have no logical probative value toward any fact that is legally of consequence to the case. The question in this case is whether Ms. Mays knowingly or intentionally was in possession of a controlled substance. *See* 21 U.S.C. § 844(a). The warrants, however, have nothing to do with her knowing or intentional possession of a controlled substance. Accordingly, they are inadmissible under FRE 401.

///

///

## II. EVEN IF THE WARRANTS ARE RELEVANT, THEY ARE INADMISSIBLE BECAUSE THEY ARE UNDULY PREJUDICIAL

Even if the Court determines that the evidence of Ms. May's warrants is admissible under FRE 401, this evidence is inadmissible under FRE 403 because it is unduly prejudicial. FRE 403 provides as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, water of time, or needless presentation of cumulative evidence.

Evidence that Ms. Mays had two active warrants is highly and unduly prejudicial, and does not survive the balancing test under FRE 403. As explained above, this evidence is not relevant. But even if the Court concludes otherwise, its marginal probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury. The warrants would inform the jury that Ms. Mays previously has been charged with a crime. The jury may then draw the *impermissible* conclusion that because of her prior arrest she is more likely to have committed the crimes charged here. Additionally, the jury may be confused or mislead into believing that the warrants required or justified the officer's arrest of Ms. Mays on the instant charges. Of course, such a conclusion would be improper and unduly prejudicial to Ms. Mays.

Accordingly, because the probative value of the evidence of the warrants is substantially outweighed by the danger of unfair prejudice, this evidence should be excluded.

## III. EVEN IF OTHERWISE ADMISSIBLE, THIS EVIDENCE MUST BE EXCLUDED UNDER RULES 404(b) & 609

Even if the Court determines that this evidence is admissible under FRE 401 and 403, it should nonetheless be excluded as it does not meet the requirements for admissibility under FRE 404(b) and 609.

///

///

     **A.**     **This Evidence is Inadmissible Under FRE 404(b) As the Government Has Failed to Give Proper Notice, and It is Solely Offered As Improper Character Evidence**

First, evidence of the warrants is so-called "other acts" evidence, which is only admissible under certain limited situations that are not present here. *See* FRE 404(b). As explained in greater detail in Ms. May's Motion in Limine to Exclude Other Acts Evidence Under Rule 404(b) and 403, the government has not properly noticed the proposed admission of other acts evidence, such as the warrants. Under the terms of Rule 404(b), the government must affirmatively articulate its intention to introduce other acts evidence. *United States v. Vega,* 188 F.3d 1150, 1152-53 (9th Cir. 1999) (quoting Rule 404(b)). Similarly, Northern District of California Criminal Local Rule 16-1(c)(3) requires the government to disclose "a summary of any evidence of other crimes, wrongs or acts which the government intends to offer under FREvid 404(b), and which is supported by documentary evidence or witness statements in sufficient detail that the Court may rule on the admissibility of the proffered evidence." Crim. L.R. 16-1(c)(3); *see also United States v. Mayans,* 17 F.3d 1174, 1183 (9th Cir. 1994) (explaining that, without adequate notice by the prosecution, the trial court cannot "make the focused determination of relevance mandated" by Rule 404(b)). In the required notice for admission of evidence under Rule 404(b), the government must articulate what other acts evidence it is seeking to introduce and identify how the noticed other acts evidence "is relevant to one or more issues in the case; specifically, it must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh,* 689 F.2d 822, 830 (9th Cir. 1982) (citations omitted). However, the government has not filed any notice of intent to introduce the warrants under Rule 404(b). Accordingly, as a procedural matter, this evidence may not be admitted at trial against Ms. Mays.

Even if the Court determines that the notice requirement has been met, this evidence is substantively inadmissible under Rule 404(b). At its core, Rule 404(b) is a rule of relevance. *See Huddleston v. United States*, 485 U.S. 681, 689 (1988) (stating that relevance is not an

inherent characteristic, and that prior bad acts are not intrinsically relevant to motive, opportunity, intent, or absence of mistake); *Mayans*, 17 F.3d at 1181 (stating that reluctance to sanction use of other bad acts evidence stems from the principle that "guilt or innocence of the accused must be established by evidence *relevant to the particular offense being tried*, not by showing that the defendant has engaged in other acts of wrongdoing") (emphasis added); *see also United States v. Morley*, 199 F.3d 129, 133 (3rd Cir. 1999) (stating that "[e]vidence that is not relevant, by definition, cannot be offered for a proper purpose, and evidence that may be relevant for some purposes may be irrelevant for the purpose for which it is offered").

As the proponent of the proffered other acts evidence in this case, the government must demonstrate on the merits that it meets the requirements of a four-part test developed by the Ninth Circuit for evaluating that admissibility of other acts evidence under Rule 404(b). Specifically, the government must show: 1) the evidence is sufficient to support a finding that the defendant committed the other act; 2) the evidence tends to prove a material point; 3) the prior act is not too remote in time; and 4) in cases where knowledge and intent are at issue, the act is similar to the offense charged. *United States v. Vizcarra-Martinez,* 66 F.3d 1006, 1013 (9th Cir. 1995); *see also United States v. Curtin,* 489 F.3d 935, 958 (9th Cir. 2007) (emphasizing that the government has the burden of proving the materiality of the element for which the other acts evidence is offered). Here, the government cannot meet this substantive burden.

Finally, even if the Court were to determine that the government was excused for failing to meet its procedural disclosure obligations and had substantively demonstrated admissibility of other acts evidence under the Rule 404(b) factors, any such evidence still must be excluded under Rule 403 where its probative value is substantially outweighed by the danger of unfair prejudice, or other pertinent considerations. *See, e.g., Curtin,* 489 F.3d at 957 ("Because evidence of other crimes, wrongs, or acts carries with it the inherent potential to see the defendant simply as a bad person . . . a trial court must take appropriate care to see that this does not happen.")

As discussed above, this evidence fails the Rule 403 balancing test because its probative

value is substantially outweighed by the danger of unfair prejudice. It is therefore inadmissible. Since the government in this case has not demonstrated that evidence of the warrants is admissible under the criteria of Rules 404(b) and 403, the Court should exclude it from trial.

**B.     This Evidence Is Inadmissible Under FRE 609 As It Does Not Meet the Stringent Requirements For Admissibility**

Finally, the warrants are also inadmissible under FRE 609 because these are warrants and not convictions, and they do not meet the strict requirements for admissibility under FRE 609. FRE 609 provides that evidence that an accused has been "convicted of" a crime shall be admitted, subject to Rule 403, "if the crime was punishable by death or imprisonment in excess of one year," and "the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Accordingly, the warrants do not survive FRE 609 and must be excluded.

## CONCLUSION

For the foregoing reasons, the Court should exclude all evidence of, or reference to, the warrants that were pending against Ms. Mays at the time of the instant arrest.

Dated: March 18, 2008

                         Respectfully submitted,

                         BARRY J. PORTMAN
                         Federal Public Defender

                         /s/

                         JODI LINKER
                         Assistant Federal Public Defender