BARRY J. PORTMAN
Federal Public Defender
ELIZABETH M. FALK
JODI LINKER
Assistant Federal Public Defenders
19th Floor Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant MAYS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-295 EDL |
| Plaintiff, | MOTION IN LIMINE TO EXCLUDE OTHER ACTS EVIDENCE UNDER RULES 404(b) AND 403 |
| v. | |
| NICOLE MAYS, | PRETRIAL CONFERENCE |
| Defendant. | April 1, 2008<br>2:00 p.m. |

## INTRODUCTION

Defendant Nicole Mays respectfully moves to exclude all "other acts" evidence under Federal Rule of Evidence 404(b) from trial. The Ninth Circuit has made clear that such evidence–including prior criminal arrests and convictions, admissions of past misconduct and guilty pleas, and active probationary status–is generally disfavored, especially in criminal cases. Moreover, the government here has not filed any notice to meet the minimum procedural requirements for admission of such evidence against the defendant in a criminal case, including identification of a hypothesis of the relevance of any such evidence. Nor has the government met its burden of demonstrating the admissibility of any such evidence under the criteria of Federal

Rules of Evidence 404(b) and 403. Accordingly, the Court should exclude all "other acts" evidence from trial.

## ARGUMENT

**I.   OTHER ACTS EVIDENCE IS GENERALLY DISFAVORED UNDER RULE 404(b)**

Federal Rule of Evidence 404(b) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). The rule goes on to state that such evidence

> may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

*Id.*

The Ninth Circuit has repeatedly explained that the limitations in Rule 404(b) are "designed to avoid a danger that the jury will punish the defendant for offenses other than those charged, or at least that it will convict when unsure of guilt, because it is convinced that the defendant is a bad man deserving of punishment." *United States v. Hill,* 953 F.2d 452, 457 (9th Cir. 1991) (citations and internal quotation marks omitted); *see also United States v. Mayans,* 17 F.3d 1174, 1181 (9th Cir. 1994) (noting that the reluctance to sanction the use of other acts evidence "stems from the underlying premise of our criminal system, that the defendant must be tried for what he did, not for who he is").

An accused's prior criminal acts–including arrests and convictions, admissions of past misconduct and guilty pleas, and active probationary status–are paradigmatic examples of the "crimes, wrongs, or acts" disfavored under Rule 404(b). *See, e.g., United States v. Ramirez-Robles,* 386 F.3d 1234, 1243 (9th Cir. 2004) (applying Rule 404(b) to exclude evidence of defendant's prior drug use). Due to the danger that the jury will be swayed to convict a defendant based upon uncharged conduct, the Ninth Circuit has mandated that "the use of such

1  evidence must be narrowly circumscribed and limited." *United States v. Bailleux,* 685 F.2d
2  1105, 1109 (9th Cir. 1982); *see Mayans,* 17 F.3d at 1181 ("[E]xtrinsic acts evidence is not
3  looked upon with favor."). Thus, the Ninth Circuit has emphasized that admission of "other
4  acts" evidence is generally disfavored, especially in criminal cases.

5  **II. GOVERNMENT FAILED TO ADEQUATELY NOTICE OTHER ACTS EVIDENCE**

6  Under the terms of Rule 404(b), the government must affirmatively articulate its intention
7  to introduce other acts evidence. *United States v. Vega,* 188 F.3d 1150, 1152-53 (9th Cir. 1999)
8  (quoting Rule 404(b)). Similarly, Northern District of California Criminal Local Rule 16-1(c)(3)
9  requires the government to disclose "a summary of any evidence of other crimes, wrongs or acts
10 which the government intends to offer under FREvid 404(b), and which is supported by
11 documentary evidence or witness statements in sufficient detail that the Court may rule on the
12 admissibility of the proffered evidence." Crim. L.R. 16-1(c)(3); *see also Mayans,* 17 F.3d at
13 1183 (explaining that, without adequate notice by the prosecution, the trial court cannot "make
14 the focused determination of relevance mandated" by Rule 404(b)).

15 Failure to provide adequate notice, or obtain an excuse from the district court, "renders
16 the other acts evidence inadmissible, whether the evidence is used in the prosecution's case-in-
17 chief or for impeachment." *Vega,* 188 F.3d at 1153. The notice requirement also applies to
18 evidence that might be offered "for possible rebuttal." *Id.* at 1154. As set out in the advisory
19 committee notes to the 1991 amendments to Rule 404(b): "Because the notice requirement serves
20 as condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if
21 the court decides that the notice requirement has not been met." F.R. Evid. 404(b) (adv. comm.
22 notes – 1991 amendments). Merely "providing such evidence to the defense in discovery is not
23 enough to satisfy the notice requirements of Rule 404(b), which requires the government
24 specifically to disclose 'the general nature of any such evidence it intends to introduce at trial.'"
25 *United States v. Spinner,* 152 F.3d 950, 961 (D.C. Cir. 1998).

26 In the required notice for admission of evidence under Rule 404(b), the government must

articulate what other acts evidence it is seeking to introduce and identify how the noticed other acts evidence "is relevant to one or more issues in the case; specifically, it must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh,* 689 F.2d 822, 830 (9th Cir. 1982) (citations omitted). However, the government has not filed any notice of intent to introduce other acts evidence under Rule 404(b).[1] Accordingly, as a procedural matter, no other acts evidence may be admitted at trial against Ms. Mays.

**CONCLUSION**

Under the applicable rules of evidence and local rules, the government bears the procedural burden not only of noticing "other acts" evidence its intends to introduce, but of articulating a specific hypothesis for its relevance. Moreover, the government is substantively required to demonstrate that the other acts evidence offered passes a four-part test for admissibility, and does not present a risk of prejudice that substantially outweighs its probative value. Because the government has not met its requirements for admission of any "other acts" evidence, the Court should exclude all such evidence from trial.

Dated: March 18, 2008

Respectfully submitted,

BARRY J. PORTMAN
Federal Public Defender

/s/

JODI LINKER
Assistant Federal Public Defender

---

[1] The government has stated in its trial brief that it intends to offer evidence that the arresting officer determined that Ms. Mays had two outstanding warrants at the time of her arrest. The admissibility of this evidence is addressed in Defendant's Motion in Limine to Exclude Warrants.