JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WENDY THOMAS (NYBN 4315420)
Special Assistant United States Attorney

　　450 Golden Gate Avenue, Box 36055
　　San Francisco, CA 94102
　　Telephone: (415) 436-6809
　　Facsimile: (415) 436-7234

NOAH ABRAMS
Law Clerk

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 07-0295 MAG |
| Plaintiff, | ) | |
| | ) | UNITED STATES' TRIAL BRIEF |
| v. | ) | |
| | ) | Trial Date: April 24, 2008 |
| NICOLE LEA MAYS, | ) | Time: 8:30 A.M. |
| | ) | Court: Hon. Elizabeth D. Laporte |
| Defendant. | ) | |

## I. STATEMENT OF THE CASE

A. OFFENSES

　　On May 15, 2007, the United States Attorney filed a two-count Information charging the defendant as follows:

　　1.  On or about March 18, 2007, while in an area in the Golden Gate National Recreation Area, in the Northern District of California, the defendant, Nicole Lea Mays ("Mays" or "the defendant"), knowingly and intentionally possessed a controlled substance, to wit: heroin, not obtained directly, or pursuant to a valid prescription or order, from a practitioner, while acting in the course of his professional practice, or

1  except as otherwise duly authorized, in violation of Title 21 United States Code §

2  844(a), a Class A Misdemeanor.

3       2.  On or about March 18, 2007, while in an area in the Golden Gate National

4  Recreation Area, in the Northern District of California, the defendant, Nicole Lea Mays,

5  knowingly and intentionally possessed a controlled substance, to wit: marijuana, not

6  obtained directly, or pursuant to a valid prescription or order, from a practitioner, while

7  acting in the course of his professional practice, or except as otherwise duly authorized,

8  in violation of Title 21 United States Code § 844(a), a Class A Misdemeanor.

9  B. <u>FACTS IN DISPUTE</u>

10       On March 18, 2007, at approximately 1:50 p.m. Sergeant Thomas Hart

11  ("Sergeant Hart") was patrolling Crissy Field East Beach in the Presidio in San

12  Francisco. While on patrol in a marked United States Park Police vehicle, Sergeant

13  Hart's attention was drawn to the defendant's vehicle, which was parked on the grass

14  away from the other vehicles in the parking lot with three occupants sitting inside.  As

15  he approached the vehicle, Sergeant Hart observed the front passenger (later identified

16  as Jenny Louise Benzon ("Benzon") bend quickly and deliberately at the waist as if

17  trying to conceal something.  Upon making contact with the inhabitants of the vehicle,

18  Sergeant Hart saw a plastic bottle cap sitting in plain view with a small amount of water

19  in it.  He also observed a bic style lighter in plain view.  Sergeant Hart will testify that

20  based on his training and experience that these two items are consistent with the use of

21  controlled substances, specifically for preparing controlled substances for injection.

22  Sergeant Hart will testify that he then asked Benzon to exit the vehicle, which she did.

23  Sergeant Hart then saw spoons lying on the passenger seat, one of which had a dark

24  substance affixed to the bottom of it.  Sergeant Hart will testify that he observed a

25  plastic bindle which contained a dark substance that he recognized as heroin.  Sergeant

26  Hart asked the other two passengers out of the vehicle and asked who the heroin

27  belonged to.  The defendant responded that it was hers.  Sergeant Hart then ran the

28  defendant's I.D. and discovered that she had two active warrants out of the City and

County of San Francisco. Sergeant Hart then placed the defendant under arrest. In a search of the vehicle incident to the arrest of the defendant, Sergeant Hart seized a plastic baggie that contained unused plastic syringes. Sergeant Hart additionally seized a clear plastic baggie containing a green leafy substance suspected to be marijuana from the defendant's purse. The other two individuals in the vehicle were released.

C.  APPLICABLE LAW

1.  COUNT ONE - 21 U.S.C. § 844(a): Possession of a Controlled Substance

    a.  The defendant knowingly or intentionally was in possession of a controlled substance;

    b.  Not obtained directly, or pursuant to a valid prescription or order, from a practitioner, while acting in the course of his professional practice, or except as otherwise duly authorized;

2.  COUNT TWO - 21 U.S.C. § 844(a): Possession of a Controlled Substance

    a.  The defendant knowingly or intentionally was in possession of a controlled substance;

    b.  not obtained directly, or pursuant to a valid prescription or order, from a practitioner, while acting in the course of his professional practice, or except as otherwise duly authorized;

D. DISCOVERY AND DEFENDANT'S USE OF EXPERT TESTIMONY

    The United States disclosed Rule 16 materials at the defendant's request soon after the initial appearance. The United States has satisfied its obligations under Brady and the Jencks tests. The United States sent a Giglio request to the appropriate agencies and has provided a Giglio response to defense counsel. If any further material is received, the United States will promptly disclose it.

    The United States has received no Rule 16 materials from the defendant. The United States has requested all Rule 16 and Jencks material, and reasserts that demand here. The United States will move to exclude any defense materials that should have been disclosed as Rule 16 material. Fed. R. Crim. P. 16(d)(2).

UNITED STATES' TRIAL BRIEF
CR-07-0295 MAG                 3

E. SPEEDY TRIAL CLOCK

The crimes charged in the Information are Class A Misdemeanors so the Speedy Trial Act applies. The defendant was arraigned on May 16, 2007. Time was excluded from the Speedy Trial act between May 16, 2007 and June 26, 2007, for effective preparation and continuity of counsel. 18 U.S.C. § 3161(h)(8)(A) and 3161(h)(8)(B)(iv). The case was continued by stipulation filed on June 22, 2007, and time was excluded between June 26, 2007 to July 10, 2007 for continuity of counsel and effective preparation. 18 U.S.C. § 3161(h)(8)(A) and 3161(h)(8)(B)(iv). The defendant failed to appear on July 10, 2007, and the case was put over to July 24, 2007 for the defendant to appear. Time is therefore excluded between July 10, 2007 and July 24, 2007 under 18 U.S.C. § 3161(h)(3)(A). A motion schedule was set on July 24, 2007. The time between July 24, 2007 and August 14, 2007, is not excluded under the Speedy Trial Act. Time is excluded under the Speedy Trial Act between when defense counsel filed its motion to suppress on August 14, 2007 and the appearance following the Court's Order Denying the Motion to Suppress on January 18, 2008. 18 U.S.C. 3161 § 3161(h)(1)(F). An initial trial date of March 12, 2008, was set. Time is not excluded between January 18, 2008, and March 12, 2008. The trial date was continued from March 12, 2008 to April 24, 2008, and the parties stipulated that time would be excluded under the Speedy Trial Act. The United States believes that, based upon the three weeks not excluded from July 24, 2007 to August 14, 2007, and from January 18, 2008 to March 12, 2008, that the Speedy Trial Act date for this case is April 24, 2008.

F. EXHIBIT LIST

The United States intends to introduce the following at trial as evidence, but reserves the right to amend this list:

1. A map or diagram depicting the location of the defendant's vehicle - this exhibit will be introduced through Sergeant Hart. This exhibit is being introduced for the following reasons: (a) to illustrate the location of the defendant's parked vehicle; (b) to illustrate the distance between where the defendant was parked and where Sergeant

Hart was parked; (c) to illustrate the location that Officer Whalen parked his vehicle; and d) to illustrate that the area the defendant was located is in the Northern District of California.

2. Photographs of the area where Sergeant Hart initially contacted the occupants of the defendant's vehicle. This exhibit will be introduced through Sergeant Hart. This exhibit is being introduced in order to provide an understanding of the location that the vehicle was parked when Sergeant Hart first approached.

3. A bindle of heroin - this exhibit will be introduced through Sergeant Hart. This exhibit is being introduced to demonstrate that the defendant was in possession of a controlled substance.

4. A plastic bag containing marijuana - this exhibit will be introduced through Sergeant Hart. This exhibit is being introduced to demonstrate that the defendant was in possession of a controlled substance.

5. A plastic cap and bic lighter - this exhibit will be introduced through Sergeant Hart. This exhibit is being introduced to establish Sergeant Hart's reasonable suspicion of believing that criminal activity was afoot.

6. Two metal spoons - these exhibits will be introduced through Sergeant Hart. This exhibit will be introduced to demonstrate Sergeant Hart's probable cause in ordering the defendant out of the vehicle.

7. Unused hypodermic syringes - this exhibit will be introduced through Sergeant Hart.

G. <u>STIPULATIONS</u>

Currently, there are no stipulations.

1. The United States proposes the following stipulation:

The parties stipulate that: (1) the items seized by Sergeant Hart were tested in the approved manner as determined by the Drug Enforcement Administration; (2) that the person who tested the items in this case is trained to perform forensic chemical analysis of narcotics; (3) that the items analyzed in this case were the same items seized

by Sergeant Thomas Hart from the vehicle on March 18, 2007; (4) that the items were placed in the proper evidence envelopes, insuring the integrity of the samples; (5) the "chain of custody" was not violated and the items tested by the Drug Enforcement Administration were authentic; and (6) that the items tested positively for controlled substances, to wit: heroin and marihuana.

The United States proposes this stipulation in order the excuse the testimony of Ms. Kimberly Perusse.

DATED:   3/18/08                              Respectfully Submitted,


                                             JOSEPH P. RUSSONIELLO
                                             United States Attorney


                                             _____/s/_____
                                             WENDY THOMAS
                                             Special Assistant U.S. Attorney

UNITED STATES' TRIAL BRIEF
CR-07-0295 MAG                    6