JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WENDY THOMAS (NYBN 4315420)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102
    Telephone: (415) 436-6809
    Facsimile: (415) 436-7234

NOAH ABRAMS
Law Clerk

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>  v. )<br>)<br>NICOLE LEA MAYS, )<br>)<br>    Defendant. )<br>)<br>_____ ) | No. CR 07-0295 MAG<br><br>UNITED STATES' MOTION IN LIMINE TO EXCLUDE REFERENCE TO SENTENCE OR PUNISHMENT<br><br>Pretrial Conf.: April 1, 2008<br>Time:      2:00 p.m.<br>Court:     Hon. Elizabeth D. Laporte |

    The United States requests that the Court exclude during trial any reference to sentence or punishment, including any reference to the term of imprisonment that the defendant could receive if convicted of the crimes charged in the Information.

    "It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict." *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1992). For this reason, it is the practice in federal courts to instruct juries that they are not to be

1  concerned with the consequences to the defendant of the verdict, except where required by
2  statute. *Rogers v. United States*, 422 U.S. 35, 40 (1975) (jury should have been admonished
3  that it "had no sentencing function and should reach its verdict without regard to what
4  sentence might be imposed"); *United States v. Reed*, 726 F.2d 570, 579 (9th Cir. 1984) (trial
5  judge properly instructed jury that the "punishment provided by law for the offenses charged in
6  the indictment are matters exclusively within the province of the court. It should never be
7  considered by the jury in any way in arriving at an impartial verdict as to the guilt or innocence
8  of the accused.").

9  In this case, the jury has no role in determining the defendant's punishment. The jury's
10 sole function is to consider the evidence to decide whether or not the defendant is guilty of the
11 crimes charged in the indictment. The jury should base its verdict on the facts presented at trial,
12 not on speculation about what the defendant deserves or the effect of a given verdict on society.
13 For these reasons, the government agrees with the Court that it should give Ninth Circuit Model
14 Instruction Number 7.4, instructing the jury to not consider punishment in deciding whether the
15 government has proved its case against the defendant beyond a reasonable doubt.

16 Here, the defendant is charged with two counts of possessing a controlled substance
17 (heroin and marijuana), in violation of 21 U.S.C. § 844(a), which carries a maximum penalty of
18 1 year imprisonment. Because the defendant faces a prison term should she be convicted of any
19 of the charged crimes, the integrity of the juror deliberations will be compromised if the defense
20 makes any reference to punishment in the jury selection process or in front of the jury prior to
21 their reaching a verdict. That reference could be as overt as the defendant's liberty is at stake in
22 this trial. Such comments regarding punishment are inappropriate in light of clear authority that
23 the jury is not to consider punishment in determining whether the defendant is guilty of the
24 charged offense.
25 //
26 //
27 //
28

1    For the foregoing reasons, the United States requests that the Court exclude during trial
2 any reference to punishment or sentence.

4 DATED: March 18, 2008

                                          Respectfully submitted,

                                          JOSEPH P. RUSSONIELLO
                                          United States Attorney

                                                 /s/
                                          WENDY M. THOMAS
                                          Special Assistant United States Attorney