JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WENDY THOMAS (NYBN 4315420)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102
    Telephone: (415) 436-6809
    Facsimile: (415) 436-7234

NOAH ABRAMS
Law Clerk

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No: CR 07-0295 MAG |
|     Plaintiff, ) | UNITED STATES' MOTION IN LIMINE TO PRECLUDE REFERENCE OR ALLUSION TO LEGAL ISSUES BEFORE THE JURY |
|     v. ) | |
| NICOLE LEA MAYS, ) | Pretrial Conf: April 1, 2008 |
|     Defendant. ) | Time:    2:00 p.m. |
| ) | Court:   Hon. Elizabeth D. Laporte |

**I. Introduction**

The United States respectfully moves this Court to preclude any reference or allusion before the jury at trial to questions of law that present no question of fact. As specific examples, the United States moves this Court to preclude the defendant from arguing that the defendant's Fourth or Fifth Amendment rights are implicated in this case, or that officers engaged in any illegal conduct in obtaining any of the exhibits presented by the United States at trial.

//

//

//

United States' Motion in Limine to Preclude Reference to Legal Issues
CR 07-0295 MAG                        1

## II. The Defense Should Be Precluded from Referencing or Alluding to Any Legal Issues Before the Jury

Traditionally, questions of law are decided by judges and have no place before a jury. Over a century ago, the Supreme Court established that "[u]pon the court rests the responsibility of declaring the law; upon the jury, the responsibility of applying the law so declared to the facts as they, upon their conscience, believe them to be." *Sparf v. United States*, 156 U.S. 51, 102 (1895). That principle has endured ever since. *See, e.g., United States v. Amparo*, 68 F.3d 1222, 1224 (9th Cir. 1995) ("While the jury is the arbiter of the facts, the judge is the arbiter of the law ... ."). The United States respectfully requests this Court to preclude any reference or allusion before the jury to any legal issues—particularly Fourth Amendment issues that have already been decided by this or other Courts.

On August 14, 2007, the defendant filed a motion to suppress evidence. On November 20, 2007, this Court held a hearing on that motion and, on January 9, 2008, denied defendant's suppression motion. The propriety of the prosecution's case on Fourth Amendment grounds has thus been established as a matter of law. Any further challenge at trial on Fourth Amendment grounds is irrelevant, and not an appropriate issue for jury consideration. *See Bomher v. Reagan*, 522 F.2d 1201, 1202 (9th Cir. 1975) (noting that once a "question of law" has been established, "no question of fact exists for a jury to try").

Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Because there is nothing in the record to suggest that purely legal issues involving privacy rights or the Fourth Amendment relate to any fact of consequence in this matter, those issues are irrelevant. Accordingly, any discussion before the jury that would in any way suggest that the defendant's Fourth Amendment rights are at issue in this case, or any other questioning of the legal propriety of this prosecution, should be excluded as inadmissible. *See* Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible.").

//

### III.  Conclusion

The United States respectfully moves this Court to preclude any reference or allusion before the jury to issues pertaining to legal questions, including, but not limited to, any discussion of any issues, or suggestion by any other means, regarding the constitutionality of this prosecution under the Fourth or Fifth Amendment, or any other explicit or implicit suggestion that privacy or self-incrimination issues are involved or that officers engaged in any illegal conduct in obtaining any of the exhibits presented by the United States at trial.

DATED: March 18, 2008            Respectfully submitted,


                                 United States Attorney
                                 JOSEPH P. RUSSONIELLO


                                 _____/s/_____
                                 WENDY M. THOMAS
                                 Special Assistant United States Attorney