BARRY J. PORTMAN
Federal Public Defender
ELIZABETH M. FALK
JODI LINKER
Assistant Federal Public Defenders
19th Floor Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant MAYS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-295 MAG |
| Plaintiff, | MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR DRUG USE OR QUESTIONING ON PRIOR DRUG USE |
| v. | |
| NICOLE MAYS, | Pretrial Date: April 1, 2008 |
| | Time: 2:00 p.m. |
| Defendant. | Court: The Honorable Elizabeth D. Laporte |

### INTRODUCTION

Defendant Nicole Mays respectfully moves to exclude all evidence of, or reference to, any prior drug use. Although the government has not produced any evidence to Ms. Mays suggesting that it is intending to introduce extrinsic evidence of such use during its case-in-chief, the government has suggested that this is an area that they may attempt to explore with Ms. Mays on cross-examination, should Ms. Mays elect to testify at trial. As the issue of whether Ms. Mays has used drugs in the past is wholly irrelevant to the allegations against her, the evidence is inadmissible under Federal Rule of Evidence ("FRE") 401. Should the Court finds the evidence admissible under FRE 401, it is inadmissible under FRE 403 because the marginal probative

value of this evidence is substantial outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Should if the Court finds this evidence admissible under FRE 401 and 403, nonetheless it must be excluded from trial because it does not meet the requirements of Federal Rule of Evidence 404(b).

**FACTUAL BACKGROUND**

Although it does not appear that the government has any noticed any witnesses on its case-in-chief witness list to attempt to introduce evidence regarding any past drug use on the part of Ms. Mays, the government has previously asked Ms. Mays about past drug use during past testimony. *See, e.g.*, Transcript of Evidentiary Hearing at 125:4-5; 126:5. Defense counsel objected to at least one of these questions, and moved to have the question and answer stricken. *See* Hearing Transcript at 125:7. The questions specifically posited by the government during the hearing were "you've testified that you've never done drugs" and "have you ever been in a substance abuse treatment program." *Id*. At trial, the government should be precluded from asking Ms. Mays these questions if she elects to testify, unless Ms. Mays herself "opens the door" to such inquiries by making statements on direct examination or cross examination contrary to the ones made at the hearing.

**ARGUMENT**

**I.   MS. MAYS' SELF-ADMITTED PRIOR DRUG-USE IS IRRELEVANT TO THE QUESTION BEFORE THE TRIER OF FACT**

Ms. Mays has been charged by information with two counts of violating 21 U.S.C. Section 844(a), Possession of a Controlled Substance. These charges stem from the government's allegation that a National Park Service police officer found small amounts of heroin and marijuana in Ms. May's car. The heroin in particular was located in close proximity to the front passenger, Jenny Benzon, on the passenger side of the car.

At the evidentiary hearing, Ms. Mays made reference to past substance abuse treatment. She also explained that she has "six years clean and sober." *See* Hearing Transcript at 126:18.

Prior drug use from six years ago has absolutely no bearing on the charges against her and are therefore inadmissible under FRE 401.

FRE 401 defines "Relevant Evidence" as follows:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probation that it would be without the evidence.

Accordingly, to be relevant, "evidence must possess logical probative value toward some fact that is legally of consequence to the case." Steven Goode & Olin Guy Wellborn III, *Courtroom Evidence Handbook*, 71 (2007-2008 Ed.). Here, six year old (or longer) drug use from the past has no logical probative value toward any fact that is legally of consequence to this case. "The rule of this circuit is that evidence of prior drug use is not ordinarily relevant under Rule 404(b) to prove conspiracy and possession with intent to distribute narcotics." *United States v. Ramirez-Robles*, 386 F.3d 1234, 1243 (9th Cir. 2004)(citations omitted).[1] The same is true for simple possession cases – particularly when the alleged use is so old. The question in this case is whether Ms. Mays knowingly or intentionally was in possession of a controlled substance in March of 2007 – not whether she possessed drug six years prior. *See* 21 U.S.C. § 844(a). Accordingly, the prior drug use referenced by Ms. Mays at the evidentiary hearing should be inadmissible under FRE 401.

**II.  EVEN IF THE PRIOR DRUG USE IS RELEVANT, IT IS INADMISSIBLE BECAUSE IT IS UNDULY PREJUDICIAL**

Even if the Court determines that the evidence of Ms. Mays' prior drug use is admissible under FRE 401, this evidence is inadmissible under FRE 403 because it is unduly prejudicial. FRE 403 provides as follows:

---

[1] Prior drug use is admissible when a defense of mistake or accident is raised. *See United States v. Hegwood*, 977 F.2d 492, 497 (9th Cir. 1992). In that case, the government is entitled to raise prior drug use to negate a defendant's claim that he or she did not know what an illegal drug was or how to identify it. Here, Ms. Mays does not raise the defense that she knowingly possessed the substance, but did not know that the substance was illegal drugs.

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, water of time, or needless presentation of cumulative evidence.

Evidence that Ms. Mays was in a substance abuse treatment program and used drugs herself six years ago is highly and unduly prejudicial, and does not survive the balancing test under FRE 403. As explained above, this evidence is not relevant. But even if the Court concludes otherwise, its marginal probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury. Should the jury hear about the prior drug use, it may then draw the impermissible conclusion that because of her prior drug use six years ago, she must have known about and possessed the drugs found in her car in 2007. Such an inference would be utterly unfair and contrary to the very concept of successful substance abuse treatment, the goal of which is to give individuals with drug problems fresh starts on life. Such a conclusion would be improper and unduly prejudicial to Ms. Mays. This evidence should be excluded.

### III. EVEN IF OTHERWISE ADMISSIBLE, THIS EVIDENCE MUST BE EXCLUDED UNDER RULE 404(b)

Even if the Court determines that this evidence is admissible under FRE 401 and 403, it should nonetheless be excluded as it does not meet the requirements for admissibility under FRE 404(b).

#### A. This Evidence is Inadmissible Under FRE 404(b) As the Government Has Failed to Give Proper Notice, and It is Solely Offered As Improper Character Evidence

Evidence of Ms. Mays' prior drug use is so-called "other acts" evidence, which is only admissible under certain limited situations that are not present here. *See* FRE 404(b). As explained in greater detail in Ms. May's Motion in Limine to Exclude Other Acts Evidence, the government has not properly noticed the proposed admission of other acts evidence of any kind, including prior drug use. Under the terms of Rule 404(b), the government must affirmatively articulate its intention to introduce other acts evidence. *United States v. Vega,* 188 F.3d 1150,

1152-53 (9th Cir. 1999) (quoting Rule 404(b)). Similarly, Northern District of California Criminal Local Rule 16-1(c)(3) requires the government to disclose "a summary of any evidence of other crimes, wrongs or acts which the government intends to offer under FRE 404(b), and which is supported by documentary evidence or witness statements in sufficient detail that the Court may rule on the admissibility of the proffered evidence." Crim. L.R. 16-1(c)(3); *see also United States v. Mayans,* 17 F.3d 1174, 1183 (9th Cir. 1994) (explaining that, without adequate notice by the prosecution, the trial court cannot "make the focused determination of relevance mandated" by Rule 404(b)). In the required notice for admission of evidence under Rule 404(b), the government must articulate what other acts evidence it is seeking to introduce and identify how the noticed other acts evidence is relevant to one or more issues in the case; specifically, it must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence. *See United States v. Hernandez-Miranda,* 601 F.2d 1104, 1108 (9th Cir. 1979) (citations omitted). However, the government has not filed any notice of intent to introduce the prior drug use under Rule 404(b). Accordingly, as a procedural matter, this evidence may not be admitted at trial against Ms. Mays.

Assuming *arguendo* that the Court waives the notice requirement, this evidence is substantively inadmissible under Rule 404(b). At its core, Rule 404(b) is a rule of relevance. *See Huddleston v. United States*, 485 U.S. 681, 689 (1988) (stating that relevance is not an inherent characteristic, and that prior bad acts are not intrinsically relevant to motive, opportunity, intent, or absence of mistake); *Mayans*, 17 F.3d at 1181 (stating that reluctance to sanction use of other bad acts evidence stems from the principle that "guilt or innocence of the accused must be established by evidence *relevant to the particular offense being tried*, not by showing that the defendant has engaged in other acts of wrongdoing"); *see also United States v. Morley*, 199 F.3d 129, 133 (3rd Cir. 1999) (stating that "[e]vidence that is not relevant, by definition, cannot be offered for a proper purpose, and evidence that may be relevant for some purposes may be irrelevant for the purpose for which it is offered").

As the proponent of the proffered other acts evidence in this case, the government must demonstrate on the merits that it meets the requirements of a four-part test developed by the Ninth Circuit for evaluating that admissibility of other acts evidence under Rule 404(b). Specifically, the government must show: 1) the evidence is sufficient to support a finding that the defendant committed the other act; 2) the evidence tends to prove a material point; 3) the prior act is not too remote in time; and 4) in cases where knowledge and intent are at issue, the act is similar to the offense charged. *United States v. Vizcarra-Martinez,* 66 F.3d 1006, 1013 (9th Cir. 1995); *see also United States v. Curtin,* 489 F.3d 935, 958 (9th Cir. 2007) (emphasizing that the government has the burden of proving the materiality of the element for which the other acts evidence is offered). Here, the government cannot meet this substantive burden – most importantly, because Ms. Mays' six year old prior use is too remote in time. "Ordinarily, five-year old evidence of drug sales will not be particularly probative of intent to sell drugs today." *See Hegwood*, 977 F.2d at 496 (citing *United States v. Alfonso*, 759 F.2d 728, 740 (9th Cir 1985)). By analogy, six year old drug use is not probative of drug possession in March, 2007.[2]

Finally, even if the Court were to determine that the government was excused for failing to meet its procedural disclosure obligations and had substantively demonstrated admissibility of other acts evidence under the Rule 404(b) factors, any such evidence still must be excluded under Rule 403 where its probative value is substantially outweighed by the danger of unfair prejudice, or other pertinent considerations. *See, e.g., Curtin,* 489 F.3d at 957 ("Because evidence of other crimes, wrongs, or acts carries with it the inherent potential to see the defendant simply as a bad person . . . a trial court must take appropriate care to see that this does not happen.") Should the government be permitted to go into Ms. Mays' prior substance abuse and treatment history, Ms.

---

[2] Again, Ms. Mays understands that this Court's ruling on this issue depends on her agreement to not "open the door" to said inquiry by either raising the issue herself, or making statements on direct or cross examination on her own initiative that contradict the testimony she gave at the evidentiary hearing.

MIL TO EXCLUDE EVIDENCE OF PRIOR DRUG USE;
Case No. CR 07-295 MAG                                6

1  Mays' potential testimony at trial will necessarily turn to painfully detailed, personal
2  explanations of her treatment and the personal reasons it was successful, which is far unrelated to
3  the issue at hand.  Indeed, the trial will devolve into a personal recounting of Ms. Mays' life,
4  which will both detract the jury from the ultimate question in the case, and unnecessarily turn the
5  focus of the trial into the personal life of Ms. Mays.  *See, e.g., United States v. Philpot*, 978 F.2d
6  1520, 1527 (9th Cir. 1992)(testimony by a witness of defendant's drug use, infidelity, poor
7  parenting and role in husband's death violated rule 404(b)). This evidence accordingly fails the
8  Rule 403 balancing test because its probative value is substantially outweighed by the danger of
9  unfair prejudice.  It is therefore inadmissible.  Since the government in this case has not
10 demonstrated that evidence of the prior drug use is admissible under the criteria of Rules 404(b)
11 and 403, the Court should exclude it from trial.

12
13 Dated: March 18, 2008

14                            Respectfully submitted,

15                            BARRY J. PORTMAN
                             Federal Public Defender
16
                                  /S/
17
                             ELIZABETH M. FALK
18                           Assistant Federal Public Defender