JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WENDY THOMAS (NYBN 4315420)
Special Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, CA 94102
   Telephone: (415) 436-6809
   Facsimile: (415) 436-7234

NOAH ABRAMS
Law Clerk

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: CR 07-0295 MAG |
|    Plaintiff, | UNITED STATES' RESPONSE TO DEFENSE'S MOTION IN LIMINE TO SUPPRESS DEFENDANT'S STATEMENTS |
| v. | |
| NICOLE LEA MAYS, | |
|    Defendant. | Pretrial Conf: April 1, 2008<br>Time: 2:00 p.m.<br>Court: Hon. Elizabeth D. Laporte |

## I. INTRODUCTION

This statement in this case was made voluntarily and did not violate defendant's Miranda rights and should not be suppressed. Furthermore, the statement is a key piece of evidence that the jury should be allowed to evaluate in reaching a verdict. The defense is permitted to offer evidence that refutes Sergeant Hart's version of the statement and it is up to the jury to decide how much weight to give that piece of evidence.

## II. STATEMENT OF FACTS

All facts contained herein are taken from the Transcript of Evidentiary Hearing which was conducted on November 20, 2007. After Sergeant Hart ordered passenger Jenny Benzon out of

the vehicle, he saw two spoons, one of which had tar heroin residue on it, and a bindle of heroin. *See* Transcript of Evidentiary Hearing ("Trans.") at 14:16-21, 35:11-20. Sergeant Hart then asked the three occupants out of the vehicle and asked who the heroin belonged to. *See* Trans. 15:1-4. The defendant stated, "it's mine," with regards to the heroin. *See* Trans. at 15: 8. This statement by the defendant was voluntarily made and does not run afoul of *Miranda v. Arizona*, 384 U.S. 436 (1966).

### III. ARGUMENT

**A. THE DEFENDANT WAS NOT IN CUSTODY FOR MIRANDA PURPOSES.**

*Miranda v. Arizona*, 384 U.S. 436 (1966), established a set of prophylactic rules to ensure that suspects' Fifth Amendment rights are protected. *See Dickerson v. United States*, 530 U.S. 428; *Oregon v. Elstad*, 470 U.S. 298, 306-07 (1985). Essentially, *Miranda* requires that suspects in police custody receive warnings about their rights before they are subjected to interrogation, and that any statement made by such suspects is the product of a knowing, intelligent, and voluntary waiver. *Miranda* applies only where the police engage in custodial interrogation. A suspect is not in custody for *Miranda* purposes unless the police have imposed "restraints comparable to those associated with a formal arrest." *Berkemer v. McCarty*, 468 U.S. 420, 435-42 (1984); *see also, e.g.*, *Miranda*, 384 U.S. at 444 (deprivation of "freedom of action in any significant way"). The determination is based on the totality of objective circumstances, from the point of view of a reasonable person in suspect's position. *Stansbury v. California*, 511 U.S. 318, 323 (1994). An analysis of the facts in the instant case shows that the defendant was not in custody when she made the statement to Sergeant Hart about possessing the heroin.

When the defendant made the statement to Sergeant Hart, she was not under arrest nor were any restraints comparable to those associated with formal arrest present. The defendant was not placed in handcuffs, frisked, held at gunpoint, forced to sit in a patrol car, or told she was not allowed to leave. In fact, the defendant was not even asked out of the vehicle until after she responded, "it's mine." *See* Trans. at 15:9-10. Far more intrusive and restrictive actions by police – removal at gun point, handcuffing, and detention in a patrol car – have been found <u>not</u> to constitute custodial arrest. *See Allen v. City of Los Angeles*, 66 F.3d. 1052, 1056-1057 (9th Cir.

1995) (finding the use of guns and handcuffs by police not to be an arrest); *see United States v. Taylor*, 716 F.2d 701 (9th Cir. 1983) (no arrest when suspect stopped at gunpoint, ordered to lie face down in ditch, handcuffed and frisked); *United States v. Alvarez*, 899 F.2d 833, 838 (9th Cir. 1990) (no arrest when defendant ordered out of car at gunpoint), *cert. denied*, 498 U.S. 1024 (1991); *United States v. Buffington*, 815 F.2d. 1292, 1300 (9th Cir. 1987) (no arrest when defendants "forced from their car and made to lie down on wet pavement at gunpoint"); *United States v. Parr*, 843 F.2d 1228, 1231 (9th Cir. 1988) (placing defendant in patrol car did not constitute an arrest); *United States v. Sharpe,* 470 U.S. 675, 683 (1985) (no arrest when defendant detained 20 minutes for questioning). Based on the facts, the defendant was not in custody for purposes of *Miranda*.

### B. THE DEFENDANT WAS NOT INTERROGATED.

In addition to being in custody, a defendant must be interrogated by police in order to be entitled to *Miranda* rights. The Supreme Court in *Innis v. Rhode Island*, 446 U.S. 291, 300 (1980) stated, "'interrogation,' as conceptualized in the *Miranda* opinion, must reflect a measure of compulsion above and beyond that inherent in custody itself." Here, one question posed by Sergeant Hart to all three occupants of the vehicle and asked before he ordered the defendant out of the vehicle does not constitute an interrogation for *Miranda* purposes.

### C. THE DEFENDANT'S STATEMENT WAS VOLUNTARILY MADE.

The primary purpose of the Fifth Amendment is to prevent police from coercing involuntary statements from suspects. The ultimate question is whether the suspect's "will has been overborne" by "coercive police activity." *Colorado v. Connelly*, 479 U.S. 157, 167 (1986). The Ninth Circuit has defined the issue of voluntariness in clear terms:

> The test of voluntariness is well-established: 'Is the confession the product of an essentially free and unconstrained choice by its maker? . . . The line of distinction is that at which governing self-direction is lost and compulsion, of whatever nature or however infused, propels or helps to propel the confession.'

*Pollard v. Galaza*, 290 F.3d 1030, 1033 (9th Cir. 2002) (citing *Collazo v. Estelle*, 940 F.2d 411, 416 (9th Cir. 1991)). Here, there is nothing coercive about Sergeant Hart asking one question to the three occupants of the vehicle such that it could be said that the defendant's will was

overborne and the statement was therefore involuntarily made.

## IV. CONCLUSION

For the foregoing reasons, the statement that the defendant made to Sergeant Hart regarding her ownership of the heroin does not run afoul of *Miranda*. Therefore, the defense's motion to suppress statements should be denied.

DATED: March 25, 2008                    Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

_____/s/_____
WENDY M. THOMAS
Special Assistant United States Attorney