JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WENDY THOMAS (NYBN 4315420)
Special Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, CA 94102
   Telephone: (415) 436-6809
   Facsimile: (415) 436-7234

NOAH ABRAMS
Law Clerk

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: CR 07-0295 MAG |
| Plaintiff, | UNITED STATES' OPPOSITION TO DEFENSE'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF WARRANTS |
| v. | |
| NICOLE LEA MAYS, | Pretrial Conf: April 1, 2008 |
| Defendant. | Time: 2:00 p.m. |
| | Court: Hon. Elizabeth D. Laporte |

## I. INTRODUCTION

Defense has requested that all evidence of, or reference to, the warrants that were pending against Ms. Mays at the time of her arrest be excluded. Defense bases this request on its belief that the warrants are, "wholly irrelevant to the allegations against her." *See* Defense's Motion in Limine to Exclude Evidence of Warrants, at 1:20-21. Defense cites Federal Rules of Evidence ("FRE") 401, 403, 404(b), and 609 in its moving papers as the authority for excluding these warrants. Defendant's contentions are incorrect and her motion should be denied because the fact that Sergeant Hart found two active warrants on the defendant (a) is relevant under FRE 401; (b) is not unduly prejudicial under FRE 403; (c) does not constitute prior bad acts within the

meaning of 404(b), and (d) is not evidence of a conviction for the purpose of attacking the truthfulness of a witness under FRE 609.

## II. ARGUMENT

### A. THE WARRANTS ARE RELEVANT UNDER FRE 401 FOR EXPLAINING SERGEANT HART'S ARREST OF THE DEFENDANT.

The fact that the defendant had two active warrants for her arrest is relevant to Sergeant Hart's focusing his attention on the defendant and his subsequent arrest of the defendant. Additionally, the inclusion of the fact that the defendant had two active warrants is necessary to the jury's understanding of Sergeant Hart's search of the defendant's person and her purse. Sergeant Hart's searched the defendant's purse and recovered marihuana from it. This search was conducted after Sergeant Hart discovered the defendant's active warrants. The fact of the defendant's active warrants undeniably creates probable cause for Sergeant Hart to arrest the defendant. The arrest of the defendant permitted him to search her vehicle and personal belongings. The warrants also serve to explain why Sergeant Hart focused his attention on the defendant, as opposed to the other two persons in the vehicle, and is relevant to the question of whether the defendant possessed a controlled substance.

FRE 401 defines Relevant Evidence as follows:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

In *United States v. Bland*, police approached a defendant who had an outstanding arrest warrant and when the defendant attempted to flee, the police shot the defendant in the leg. *United States v. Bland*, 908 F.2d 471, 472 (9th Cir. 1990). Prior to trial, the defendant in that case offered that their defense was going to be that the officer had planted the gun on the defendant as a justification for shooting him. The district court allowed the government to introduce evidence of the warrant because it served to explain the officer's rationale for shooting the defendant. The Ninth Circuit agreed that the fact of the existence of the warrant was relevant, stating that "evidence of the existence of the warrant was relevant given Bland's theory of defense" and "[t]he evidence of the warrant had probative value insofar as it tended to rebut

Bland's theory of defense." *Bland*, at 473.  The Ninth Circuit determined, however, that the specific facts underlying the warrant (the outstanding warrant in that case was for the torture, molestation, and murder of a seven year-old girl) had no significant additional probative value and unfairly prejudiced the defendant, and reversed on that basis.

Here, the fact that a warrant check of the defendant revealed that she had two active warrants passes the relatively low requirement that the evidence have merely any tendency to make a fact of consequence more probable or less probable.  The two active warrants gave Sergeant Hart probable cause to arrest the defendant and search her person and property.  This search recovered marihuana from the defendant's purse.

In addition, should the jury be precluded from hearing this evidence, they would be denied a complete picture of the totality of the circumstances surrounding the defendant's arrest. Sergeant Hart's credibility is for the jury to decide.  In *United States v. Davidson*, officers pursued a defendant who had an outstanding warrant for assault and homicide in a high speed chase.  *United States v. Davidson*, 449 F.3d 849 (8th Cir. 2006).  The Court determined that the fact that defendant was subject to an active warrant was admissible as the credibility of the arresting officer was an essential part of the case.  Although the Court also noted that information about the specific crime that was the basis for the warrant had limited probative value, the fact of the warrant was relevant "to explain the police conduct and to bolster the officers' credibility." *Davidson*, at 853 (*quoting United States v. Malik*, 345 F.3d 999, 1002 (8th Cir. 2003)).  The jury must be given an explanation for the officer's behavior and arrest of the defendant so that they can analyze the facts before them.  If all evidence of warrants is excluded, then the government will be forced to tell an incomplete story, thereby denying the jury the opportunity to reach a verdict based on all of the evidence.  Due to the foregoing reasons the warrants are admissible under FRE 401.

### B. EVIDENCE OF THE WARRANTS DOES NOT CREATE UNFAIR PREJUDICE TO THE DEFENDANT.

FRE 403 is clear about the type of evidence that must be excluded because it creates an unfair prejudice to the defendant.  FRE 403 states:

United States' Response to Defense's Motion in Limine to Exclude Evidence of Warrants
CR 07-0295 MAG                    3

1
2
3
> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The probative value of disclosing to the jury the fact that the defendant had two active warrants at the time of her arrest substantially outweighs any danger of unfair prejudice. The caselaw on testimony regarding outstanding warrants as it relates to prejudice under FRE 403 suggests that unfair prejudice arises not from testimony about the existence of outstanding warrants but rather from testimony about the nature of the charges underlying the warrants. *United States v. Davidson*, 449 F.3d 849 (8th Cir. 2006)(Court determined that the fact that defendant was subject to an active warrant was admissible and the potentiality for unfair prejudice arises from the identification of the specific crimes for which defendant was wanted). Here, the United States has no intention of introducing evidence relating to the underlying offenses for which the two active warrants on the defendant were issued, as violations of California Penal Code section 487, shoplifting, is not relevant to the charge of 21 U.S.C. § 844(a), Possession of a Controlled Substance.

As stated above, there is substantial probative value in explaining to the jury the underlying reasons that Sergeant Hart decided to focus his attention on the defendant and subsequently arrest her. Here, the jury is charged with the duty to decide whether the defendant possessed two controlled substances, heroin and marihuana. The existence of the outstanding warrants provided Sergeant Hart with the probable cause he needed to arrest and search the defendant. This search recovered a controlled substance which is a fact necessary for the jury to find since possessing the controlled substance is an element of the charged offenses.

There is also probative value in allowing the jury to evaluate Sergeant Hart's actions. Sergeant Hart is the government's main percipient witness to the facts of this case. Precluding the jury from hearing about the warrants will cast suspicion on the justification for his search of the defendant and throw his credibility in doubt with the jury.

Additionally, there is no serious risk of misleading the jury. The defense states that the jury

may be confused or misled into believing the warrants required or justified Sergeant Hart's arrest of the defendant on the instant charges. *See* Defense's Motion in Limine to Exclude Evidence of Warrants at 3:14-16. This argument is without merit. Whether the active warrants were required to justify Sergeant Hart's arrest of the defendant is irrelevant because the plain fact that the warrants existed did justify Sergeant Hart's arrest and subsequent search of the defendant. Accordingly, the evidence is admissible under FRE 403.

**C. THE EVIDENCE SHOULD NOT BE EXCLUDED UNDER FRE 404(b).**

**1. The Existence of the Warrants Are Not Being Used as Character Evidence.**

The government is barred by FRE 404(b) from introducing evidence of a defendant's bad acts in order to show that she acted on the occasion in question in conformity with her bad character. A Rule 404(b) analysis does not apply when the evidence of other crimes or acts relates to the current charges. Evidence should not be treated as "other crimes" evidence when the evidence concerning the "other" act and the evidence concerning the crime charged are "inextricably intertwined." Evidence of a prior bad act may be admitted when that act is so inextricably intertwined with, or intricately related to, charged conduct that it helps the fact finder form a more complete picture of the criminal activity.

In *United States v. Morris*, the Seventh Circuit determined that the district court did not abuse its discretion in admitting a police officer's testimony about an outstanding bench warrant where the testimony was not introduced to prove that the defendant is a person of bad character and likely, therefore, to have committed the crime with which he was accused. *United States v. Morris*, 498 F.3d 634 (7th Cir. 2007). Because the defendant's outstanding warrants are not being introduced to prove the defendant's propensity to commit crime, but rather to provide the fact finder with a more complete picture of the defendant's interaction with Sergeant Hart, the evidence about the outstanding warrants should not be excluded. Furthermore, Sergeant Hart's credibility has been called into question by statements made by the defendant and Jenny Benzon that deny that the defendant admitted to possessing the heroin. *See* Trans. at 56: 1-2; 104: 14-18. Because Sergeant Hart's credibility is at issue, the government should be allowed to offer

evidence that the defendant had two outstanding warrants and this was the reason that he focused his attention on the defendant. *See United States v. Malik*, 345 F.3d 999, 1002 (8th Cir. 2003)("Inclusion of the informant's entire statement was relevant and warranted to explain the police conduct and to bolster the officers' credibility.")

Here, the government is not seeking to elicit from Sergeant Hart on direct examination the nature of the underlying offense for which the warrants were issued. But the fact of the warrant goes to complete the narrative and to explain why Sergeant Hart searched her after she got out of the car. In *United States v. Littlejohn*, the Park Police Officer testified on direct examination to the fact of the warrant. *United States v. Littlejohn*, 376 U.S. App. D.C. 499 (D.C. App. 2007). On cross-examination, defense counsel questioned why defendant's possessions were selected for seizure. The Court then permitted the government to question the officer on re-direct as to the substance of the warrant, reasoning that defense counsel's questioning of the officer's focus on the defendant made the specific facts underlying the warrant relevant. *United States v. Littlejohn*, 376 U.S. App. D.C. 499 (D.C. App. 2007). *See also United States v. Beatty*, 189 Fed. Appx. 531 (7th Cir. 2006)(Fed. R. Evid. 404(b) does not bar the admission of evidence of acts so inextricably intertwined with, or intricately related to, charged conduct that it helps the fact finder form a more complete picture of the criminal activity); *see also United States v. Lillard*, 354 F.3d 850 (9th Cir. 2003)(Court found Fed. R. Evid. 404(b) inapplicable where the evidence government seeks to introduce is directly related to, or inextricably intertwined with, the crime charged and evidence should not be considered "other crimes" evidence when the evidence concerning the other act and the evidence concerning the crime charged are inextricably intertwined. )

The reason that the evidence of the warrants should not be excluded is because it is not "other acts" evidence as described in FRE 404(b). Here, the government does not intend to introduce any evidence of the warrants other than through the testimony of Sergeant Hart. As there is no mention of the underlying offense conduct, the jury will not be able to make an inference that the existence of the warrants relates to the defendant's guilt or innocence in the present case. Additionally, the fact that the defendant had active warrants at the time of her

arrest is not be offered to show, "the character of a person in order to show action in conformity therewith." FRE 404(b). It is being offered to explain the actions of the government's key witness, Sergeant Hart. This evidence is not being offered to prove anything concerning the defendant's character. Instead, this evidence offers the jury a clear look into Sergeant Hart's state of mind during his interaction with the defendant.

### 2. The Government has Sufficiently Noticed Its Intention to Offer Testimony Concerning the Warrants.

As a procedural matter, the government is not required to satisfy its notice requirement in any prescribed way. In its Trial Brief and Witness List the government made clear its intention to have Sergeant Hart testify to the fact that the warrant check he conducted on the defendant revealed the fact that she had two active warrants. *See* United States' Trial Brief at 2: 27-28. *See also* United States' Witness List at 2: 12-13. This disclosed material stated the government's intention to offer the two active warrants with reasonable specificity and sufficient detail for the Court to rule on the admissibility of the proffered evidence as required by the Northern District of California Criminal Local Rule 16-1(c)(3). Furthermore, Sergeant Hart testified at an evidentiary hearing on November 20, 2007, that he ran the defendant's identification and she returned with two active warrants. *See* Trans. at 16: 6-7. Accordingly, the government respectfully requests that the Court determine that the notice requirement has been met.

Any analysis of FRE 404(b) requires the court to decide if the danger of unfair prejudice substantially outweighs the probative value of the evidence. As discussed *supra,* evidence of the warrants does not offend FRE 403 and should not be excluded. Furthermore, any possible confusion could be cleared up by a limiting instruction advising the jury that it is not to use Sergeant Hart's testimony concerning the warrants as evidence that the defendant committed the current offense.

### D. FRE 609 DOES NOT REQUIRE THE EXCLUSION OF THE WARRANTS.

FRE 609 does not apply in the present situation because inclusion of evidence about the warrants is not being offered other than as an explanation of Sergeant Hart's behavior. The government is not implying that the defendant has any criminal record, nor that the existence of

United States' Response to Defense's Motion in Limine to Exclude Evidence of Warrants
CR 07-0295 MAG                7

1  the warrants is evidence that the defendant has been convicted of a crime. As such, FRE 609
2  does not require the exclusion of the warrants.

### III. CONCLUSION

   Based on the foregoing, the government submits that testimony as to the existence of the warrants (a) is relevant under FRE 401; (b) is not unduly prejudicial under FRE 403; (c) does not constitute prior bad acts within the meaning of 404(b), and (d) is not evidence of a conviction for the purpose of attacking the truthfulness of a witness under FRE 609. Accordingly, defendant's motion should be denied.

DATED: March 25, 2008              Respectfully submitted,

                                   JOSEPH P. RUSSONIELLO
                                   United States Attorney


                                   _____/s/_____
                                   WENDY M. THOMAS
                                   Special Assistant United States Attorney