JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WENDY THOMAS (NYBN 4315420)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102
    Telephone: (415) 436-6809
    Facsimile: (415) 436-7234

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 07-0295 MAG |
|     Plaintiff, ) | |
| v. ) | <u>UNITED STATES' OPPOSITION TO DEFENSE'S PROPOSED JURY INSTRUCTIONS</u> |
| NICOLE LEA MAYS, ) | |
|     Defendant. ) | |

    Pursuant to this Court's Order, the United States respectfully objects to the defendant's request for the Ninth Circuit Model Instruction 6.9 on Mere Presence.

**I. The United States Objects to Defense's Proposed Mere Presence Instruction.**

    The defense relies on *United States v. Medrano,* 5 F.3d 1214 (9th Cir. 1993) for its request that the Court provide the mere presence instruction. In support of its request, defense relies on the erroneous contention that the government's case rests primarily on the defendant's presence in the vehicle and nothing more. In *United States v. Negrete-Gonzales*, 966 F.2d 1277, 1282 (9th Cir. 1992) the court stated, "if the government's case is based on more than just a defendant's presence, and the jury is properly instructed on all elements of the crime, then a 'mere presence'

United States' Response to Defendant's Proposed Additional Jury Instructions
CR 07-0295 MAG                      1

instruction is unnecessary." Here, not only was the defendant present in the vehicle when the heroin was found by Sergeant Hart, she also admitted to possessing it. Additionally, marihuana was found in the defendant's purse, circumstantially augmenting the government's position that the defendant also possessed the heroin discovered. Furthermore, paraphernalia consistent with drug use was also found in the vehicle, to wit: hypodermic syringes, metal spoons with cooked tar heroin on them, a bic lighter, and a plastic cap with water in it.

Moreover, a mere presence instruction is unwarranted here because not only was the defendant present in the vehicle in which the heroin was found, she had constructive possession of the vehicle. Even assuming, *arguendo,* defense's contention that the defendant did not admit to possessing the heroin is true, the defendant did state that the vehicle was hers. *See* Evidentiary Hearing Transcript at 116: 20-24. The court in *Medrano* states that, "a person has constructive possession of an object if the evidence shows 'ownership, dominion or control over the contraband itself or the premises or <u>vehicle in which the contraband is concealed</u>.'" (emphasis added) *Medrano*, 5 F.3d at 1217 (*quoting United States v. Shirley,* 884 F.2d 1130, 1134 (9th Cir. 1989). In other words, "a defendant's 'mere presence' argument will fail in situations where the 'mere' is lacking." *United States v. Velarde-Gomez*, 224 F.3d 1062, 1074 (9th Cir. 2000)(*quoting United States v. Echeverri*, 982 F.2d 675, 678 (1st Cir. 1993)). In the instant case, at a minimum, the defendant was observed sitting in the driver's seat when Sergeant Hart approached the vehicle and she admitted to possessing the vehicle. Based on these facts, the instruction for mere presence is unwarranted and should not be given.

**II. The United States Objects to the Defense's Proposed Instruction on Possession.**

Defense fails to include the last sentence of 3.18 of the Ninth Circuit Model Instruction on Possession. The language of 3.18 of the Ninth Circuit Model Instruction on Possession reads:

### 3.18 Possession - Defined

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

[More than one person can be in possession of something if each knows of its presence and

1  has the power and intention to control it.]

2      In *United States v. Cain*, the Ninth Circuit approved language similar to this instruction.

3  *United States v. Cain*, 130 F 3d 381, 382-84 (9th Cir. 1997); *United States v. Terry*, 911 F 2d

4  272, 280 (9th Cir. 1990).

| | |
|---|---|
| DATED: 3/25/08 | Respectfully submitted, |
| | JOSEPH P. RUSSONIELLO<br>United States Attorney |
| | _____/s/_____<br>WENDY THOMAS<br>Special Assistant United States Attorney |

United States' Response to Defendant's Proposed Additional Jury Instructions
CR 07-0295 MAG                        3