BARRY J. PORTMAN
Federal Public Defender
ELIZABETH M. FALK
JODI LINKER
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant MAYS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NICOLE LEA MAYS, ) <br> ) <br> Defendant. ) <br> _____ ) | CR 07–0295 MAG <br><br> DEFENDANT'S REPLY RE: <br> PROPOSED JURY INSTRUCTIONS <br><br> Pretrial Date: April 1, 2008 <br> Time:      2:00 p.m. <br> Court:     The Honorable Elizabeth <br>            D. Laporte |

**I.    MERE PRESENCE INSTRUCTION**

The government is conflating principles of possession and knowing possession in its Response to Defendant's request for a jury instruction. Whether or not Ms. Mays is entitled to the "mere presence" instruction has nothing to do with her ownership of the automobile in question. Instead, the issue before the jury is whether or not Ms. Mays knowingly possessed heroin. The point of the mere presence instruction is to ensure that the jury does not convict Ms. Mays of possessing heroin simply because she was present in an automobile where heroin was located. This is the reason that the instruction is requested.

The government's citation to *United States v. Medrano,* 966 F.2d 1277 (9th Cir.

REPLY:
DEFENDANT'S PROPOSED JURY INSTRUCTIONS
CR 07–0295 MAG

1993) is extremely misleading. In that case, Medrano challenged both the possession instruction and requested the mere presence instruction, on separate grounds.  In that case, the Court did not decline to instruct on mere presence because Medrano had constructive possession of the vehicle; the two issues were addressed in separate contexts.   The constructive possession issue was raised by the Court of Appeals in response to Medrano's argument that insufficient evidence existed to convict him of the charge. *See id.* at 1218.  In a separate section having nothing to do with constructive possession, the Ninth Circuit affirmed the district court's denial of the mere presence instruction because "Medrano engaged in affirmative conduct showing his intent to possess the contraband." *Id*. at. 1219. Ownership or control over the vehicle had nothing to do with the court's calculus on this instruction.  As such, the government's *Medrano* argument in its Responsive Brief is erroneous.

Importantly, the mere presence instructions ensures that "knowing spectators" are not convicted of crimes.  Here, unlike the defendant in *United States v. Velarde-Gomez*, 224 F.3d 1062, 1074-75 (9th Cir. 2000), Ms. Mays is a driver of a car with several passengers. See id. at 1075 (stating that *Velarde-Gomez* was the driver and *sole occupant* of the automobile in which 63 pounds of marijuana was found).  If the drugs in question did not belong to Ms. Mays, and she was simply a "knowing spectator" to the possession and use of drugs by Ms. Benzon and Mr. McNatt, she is not guilty of the charged crime.  The mere presence instruction makes clear to the jury that an individual cannot be convicted of possessing drugs simply by sitting in a car in which drugs are located.

The government argues that their case on the heroin charge does not merely rest on Ms. Mays' presence in the automobile.  The only evidence pointed to in this case other than Ms. Mays' presence is Officer's Hart's statement that Ms. Mays admitted that the heroin was hers.  As previously argued, Officer Hart's statement is flatly refuted by Ms. Mays and Ms. Benzon.  Moreover, Officer Hart has made additional statements in this matter of dubious credibility, as noted previously by this Court.  Should the jury fail to

REPLY:
DEFENDANT'S PROPOSED JURY INSTRUCTIONS
CR 07–0295 MAG                               2

believe Officer Hart's testimony, the government has no remaining evidence against Ms. Mays on the heroin charge other than her presence in the automobile. Accordingly, the mere presence instruction is warranted in connection with the heroin charge.

In the alternative, Ms. Mays proposes that the Court wait until the conclusion of all the evidence to rule on defendant's request for a "mere presence" instruction, as the Court will be in a much better position to evaluate the propriety of the instruction once the evidence is submitted.

## II. POSSESSION INSTRUCTION

The instruction proposed in *United States v. Cain*, 130 F.3d 381 (9th Cir. 1997) is identical to the instruction requested by the defense, except that the defense's instruction follows the Model Instruction requiring the conjunctive "and" rather than "or." The defense thus has no objection to the Court instructing the jury in accordance with *United States v. Cain*, as long as the conjunctive "and" is used to ensure that the jury understands that the defendant must both 1) know of its presence and 2) have physical control, or the power and intention to control.

Dated:      March 28, 2008

Respectfully submitted,

BARRY J. PORTMAN
Federal Public Defender

/S/

ELIZABETH M. FALK
Assistant Federal Public Defender

REPLY:
DEFENDANT'S PROPOSED JURY INSTRUCTIONS
CR 07–0295 MAG                3