1 | BARRY J. PORTMAN
Federal Public Defender
2 | ELIZABETH M. FALK
JODI LINKER
3 | Assistant Federal Public Defenders
19th Floor Federal Building
4 | 450 Golden Gate Avenue
San Francisco, CA 94102
5 | Telephone: (415) 436-7700

6 | Counsel for Defendant MAYS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR 07-295 EDL |
|---|---|---|
| Plaintiff, | ) | DEFENDANT'S REPLY TO UNITED STATES' OPPOSITION TO MOTION IN LIMINE TO EXCLUDE EVIDENCE OF WARRANTS |
| v. | ) | |
| NICOLE MAYS, | ) | |
| Defendant. | ) | PRETRIAL CONFERENCE April 1, 2008 2:00 p.m. |

**INTRODUCTION**

The government cannot use the fact that defendant Nicole Mays had active warrants to bolster Sergeant Hart's improper focus on her as the one who was in possession of the drugs; indeed, the warrants are totally irrelevant to whether Ms. Mays is guilty of the crimes charged. The warrants make it no more or less likely that these drugs belonged to Ms. Mays and are unnecessary to explain the issues in this case. If admitted, this evidence would unfairly prejudice Ms. Mays in the eyes of the jury as it would likely lead the jury to believe that because she had committed bad acts in the past, she was more likely to have committed the instant crimes. Accordingly, Ms. Mays respectfully requests that the Court exclude this evidence.

DEF.'S REPLY TO U.S. OPPO. TO MIL TO EXCLUDE
EVIDENCE OF WARRANTS;
Case No. CR 07-295 EDL                          1

# ARGUMENT

## I. THE WARRANTS OFFER NOTHING TO EXPLAIN SERGEANT HART'S ARREST OF MS. MAYS *ON THE DRUG CHARGES*

The government asserts that the admission of this evidence is necessary to show two things: (1) Sergeant Hart's rationale for the arrest and search of Ms. Mays; and (2) to establish Sergeant Hart's credibility. Neither is a legitimate basis for the admission of this highly prejudicial evidence. While the warrants gave Sergeant Hart a rationale to arrest Ms. Mays *on the warrants themselves*, they provide absolutely no basis for Sergeant Hart to arrest Ms. Mays *for the controlled substance offenses* that are at issue in this case. Additionally, because Ms. Mays is not contesting the legality of Ms. Mays' arrest on the warrants or the search of her bag at trial, the legal basis for that search is entirely irrelevant at trial.

The government now asserts that Sergeant Hart focused his attention on Ms. Mays because of the warrants. While Ms. Mays does not dispute that the existence of the warrants created probable cause to arrest her for the warrants, the warrants provided no legitimate reason for the officer to conclude that because Ms. Mays had an active warrant for shoplifting, she was the one – of three possible individuals – who was in possession of the drugs. Indeed, this is precisely the improper conclusion that the jury would be permitted to conclude if this evidence were introduced.

Under FRE 401, to be relevant, the evidence must have a tendency *to make the existence of any fact that is of consequence to the determination of the action* more probable or less probable than it would be without the evidence. The government asserts that this evidence is admissible because it shows that the officer had probable cause to arrest Ms. Mays; however, whether there was probable to arrest her is not a "fact that is of consequence" to this case. The question in this case is whether Ms. Mays knowingly or intentionally was in possession of a controlled substance. *See* 21 U.S.C. § 844(a). Even though the warrants may be the basis for Sergeants Hart's arrest of Ms. Mays on other grounds, the warrants have nothing to do with her

1  knowing or intentional possession of a controlled substance.  Accordingly, they are inadmissible
2  under FRE 401.
3        The government's reliance on *United States v. Bland*, 908 F.2d 471, 473 (9th Cir. 1990)
4  and *United States v. Davidson*, 449 F.3d 849, 853 (8th Cir. 2006), is entirely misplaced.  In
5  *Bland*, the Ninth Circuit determined that a defendant's outstanding warrant was relevant because
6  it directly rebutted an aspect of the defendant's theory of the defense.  908 F.2d at 473.  The
7  Ninth Circuit made no blanket rule that warrants are always – or even often – relevant and
8  admissible.  To the contrary, the Ninth Circuit found it relevant in that case because it directly
9  rebutted the defendant's assertion of a specific fact at issue.  *Id*.
10       In *Davidson*, a prosecution for felon in possession of a firearm, the Eighth Circuit
11 similarly determined that a defendant's outstanding warrant was relevant regarding to rebut
12 defendant's theory of the defense.  449 F.3d at 853.  In that case, the police officer testified that
13 he had seen the defendant drop the firearm during a chase, while the defendant asserted that he
14 did not have a firearm at all during the chase.  *Id*.  The defense, therefore, placed the officer's
15 credibility directly in question and the court determined "that the full description of why the
16 detectives were there was relevant to explain the police conduct and to bolster the officers'
17 credibility."  *Id*. (internal citations and quotations omitted).  In this case, there is no need to
18 explain why the officers were there and the warrants do nothing to bolster Sergeant Hart's
19 credibility.  Sergeant Hart was not on the scene because he previously learned of the warrants; he
20 only learned of the warrants after he asked Ms. Mays to step out of her vehicle.  Accordingly,
21 *Davidson* offers nothing to establish that Ms. Mays' outstanding warrants have any relevance to
22 the facts and issues relevant at trial.
23 **II.  THIS EVIDENCE IS INADMISSIBLE "OTHER ACTS" EVIDENCE UNDER FRE 404(b)**
24
25       As asserted in Ms. Mays' Motion, even if the Court finds this evidence is relevant, it is
26 nonetheless inadmissible under FRE 404(b) as it is impermissible "other acts" evidence.  The

1  government's two arguments for why this is not "other acts" evidence are without merit. First,
2  the government asserts that the warrants are not "other acts" evidence because the evidence of
3  the other crimes or acts "relate to the current charges," that is, the warrants are "inextricably
4  intertwined" with the crime charged. United States' Opposition to Defense's Motion in Limine
5  to Exclude Evidence of Warrants ("U.S. Oppo.") at 5. While the government is correct that FRE
6  404(b) does not apply where the other act is "inextricably intertwined" with the underlying
7  charges, such is not the case here.

8  As the case cited by the government explains: "[t]he policies underlying rule 404(b) are
9  inapplicable when *offenses committed as part of a single criminal episode* become other acts
10 simply because the defendant is indicted for less than all of his actions." *United States v. Lillard,*
11 354 F.3d 850, 854 (9th Cir. 2003) (citing *United States v. Williams*, 989 F.2d 1061, 1070 (9th
12 Cir.1993)). Evidence is "inextricably intertwined" if "it constitutes a part of the transaction that
13 serves as the basis for the criminal charge." *United States v. Vizcarra-Martinez*, 66 F.3d 1006,
14 1012 (9th Cir.1995). In *Lillard*, the Ninth Circuit determined that evidence that the defendant
15 stole eight kilograms of cocaine was inextricably intertwined with the defendant conspiracy
16 charge because the cocaine was stolen "from the very shipment that provided the basis for his
17 involvement in the conspiracy to possess and distribute cocaine." 354 F.3d at 854. Moreover,
18 telephone conversations between the alleged co-conspirators discussing the stolen cocaine were
19 used to show knowledge about the drugs, an element of the charged offense. *Id.*

20 Here, there is no such "inextricable intertwinement." Sergeant Hart's determination that
21 Ms. Mays had active arrest warrants at the time of this incident is not part of a "single criminal
22 episode" and offers nothing to show that she had any knowledge of the drugs found at the scene.
23 The evidence of the warrants can easily be excluded without affecting the relevant facts of this
24 case.

25 Second, the government asserts that this is not "other acts" evidence under FRE 404(b)
26 because Sergeant Hart will not mention the underlying offense conduct, therefore "the jury not be

DEF.'S REPLY TO U.S. OPPO. TO MIL TO EXCLUDE
EVIDENCE OF WARRANTS;
Case No. CR 07-295 EDL                          4

able to make an inference that the existence of the warrants relates to the defendant's guilt or innocence in the present case." U.S. Oppo. at 6. The government's argument entirely ignores the fact that a warrant in and of itself – regardless of any mention of the underlying offense conduct – necessarily alerts the jury that Ms. Mays has had previous arrests and may lead them to improperly conclude that she is more likely guilty of this offense because of her prior bad acts. This is precisely the type of "other act" evidence that FRE 404(b) is designed to protect against.

By the government's own admission, it was the fact of these active warrants that lead Sergeant Hart to "focus[] his attention on the defendant." U.S. Oppo. at 6. In short, he used Ms. Mays' outstanding warrants to establish what he believed was Ms. Mays' character as someone who breaks the law to conclude that the drugs were in her possession. What is to make the government believe that the jury would conclude any differently? FRE 404(b) explicitly precludes evidence from being used in this manner: "Evidence of other crimes, wrongs, or acts in not admissible to prove the character of a person in order to show action in conformity therewith." FRE 404(b).

The government asserts that the warrant evidence should not be excluded under FRE 404(b) because it is being offered "to provide the fact finder with a more complete picture of the defendant's interaction with Sergeant Hart." U.S. Oppo. at 5. Putting aside whether that is even relevant, it is not a permissible purpose for admission under FRE 404(b). "Other acts" evidence is only admissible under certain limited situations, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." It is not, however, admissible to provide the "more complete picture" that the government seeks to present. The out-of-circuit decisions offered by the government are not to the contrary.[1]

In *United States v. Littlejohn*, 489 F.3d 1335, 1340 (D.C. Cir. 2007), the D.C. Circuit held

---

[1] One such decision, *United States v. Beatty*, 189 Fed. Appx. 531 (7th Cir. 2006), is an unpublished out-of-circuit opinion that provides scant factual information to determine its applicability here.

1  that evidence regarding a warrant was admissible after defense counsel opened the door in cross-
2  examination that left a misimpression with the jury of law enforcement's conduct. *Id*. The Court
3  concluded that "the government was entitled to rehabilitate its witness by offering evidence of an
4  alternative explanation for the investigators actions." *Id*. Certainly, if Ms. Mays somehow
5  misleads the jury about Sergeant Hart's actions such that the evidence of the warrants is
6  necessary to clarify his actions, this evidence would be admissible. At this time, however, no
7  such explanation is necessary, and *Littlejohn* does not support the admissibility of this irrelevant
8  "other acts" evidence.

9  The government's reliance on *United States v. Morris*, 498 F.3d 634, 642 (7th Cir. 2007),
10 is equally misplaced. There the court found that the warrant was relevant to show the basis for
11 the officer's original interaction with the defendant in the first instance, *i.e.*, why he stopped the
12 defendant's vehicle. Here, however, Sergeant Hart had already approached the vehicle, ordered
13 one passenger out of the vehicle, found heroin, and ordered two others out of the vehicle, all
14 before he even became aware of the warrants. As opposed to the situation in *Morris*, the
15 warrants are not relevant to any issue in this case and are not needed to put any controverted
16 issue into context. Any need for testimony regarding the legality of the search and/or arrest can
17 be handled through a stipulation of the parties.

18 As this is improper "other acts" evidence it should be excluded under FRE 404(b).

19 **III.   REGARDLESS, EVIDENCE OF THE WARRANTS IS INADMISSIBLE UNDER FRE 403 BECAUSE IT IS UNDULY PREJUDICIAL**
20

21 Even if the Court determines that the evidence of Ms. May's warrants is otherwise
22 admissible, this evidence is inadmissible under FRE 403 because it is unduly prejudicial. The
23 marginal probative value, if any, of this evidence is substantially outweighed by the danger of
24 unfair prejudice, confusion of the issues and misleading the jury. The warrants necessarily would
25 inform the jury that Ms. Mays previously has been charged with a crime. The jury may then
26 draw the *impermissible* conclusion that because of her prior arrest she is more likely to have

DEF.'S REPLY TO U.S. OPPO. TO MIL TO EXCLUDE
EVIDENCE OF WARRANTS;
Case No. CR 07-295 EDL                                6

1  committed the crimes charged here.  While the warrants may have permitted Sergeant Hart to
2  arrest Ms. Mays for the warrants themselves, they certainly provided no support for his decision
3  to arrest her on the instant controlled substances offense and offer nothing to show that she had
4  knowledge or possession of the drugs.
5       Because the probative value of the evidence of the warrants is substantially outweighed
6  by the danger of unfair prejudice, this evidence should be excluded.

**CONCLUSION**

8       For the foregoing reasons, the Court should exclude all evidence of, or reference to, the
9  warrants that were pending against Ms. Mays at the time of the instant arrest.
10 Dated: March 28, 2008

                              Respectfully submitted,

                              BARRY J. PORTMAN
                              Federal Public Defender

                              /s/

                              JODI LINKER
                              Assistant Federal Public Defender

DEF.'S REPLY TO U.S. OPPO. TO MIL TO EXCLUDE
EVIDENCE OF WARRANTS;
Case No. CR 07-295 EDL                7