IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-07-00295 EDL |
| Plaintiff, | **ORDER FOLLOWING PRETRIAL CONFERENCE** |
| v. | |
| NICOLE MAYS, | |
| Defendant. | |

On April 1, 2008, the Court held a pretrial conference in this matter. For the reasons stated at the hearing, the Court issues the following order.

1.   The trial schedule will be 8:30 a.m. to 1:30 p.m. on April 24 and 25, 2008. Counsel shall be in court no later than 8:00 a.m. on trial days. After the Court conducts its voir dire, each side will have up to twenty minutes for follow-up voir dire questions. Each side will have up to ten minutes for opening arguments, and up to thirty minutes for closing arguments. Witnesses shall remain outside the courtroom prior to testifying.

2.   The government's motion in limine to take judicial notice of adjudicative facts regarding heroin and marihuana are controlled substances is denied as moot given the parties' stipulation regarding the drugs in this case.

3.   The government's unopposed motion in limine to exclude reference to sentence or punishment is granted.

4.   The government's unopposed motion in limine to preclude reference or allusion to legal issues before the jury is granted.

5.   Defendant's motion in limine to exclude evidence of prior drug use or questioning on prior drug use is granted. The government did not oppose this motion in that it does not intend to offer

this evidence in its case-in-chief. The government may, however, offer this evidence if the door is opened on this subject.

6. Ruling on Defendant's motion in limine to preclude evidence of warrants is deferred pending the parties' anticipated brief regarding admissibility of this evidence.

7. Defendant's motion in limine to exclude other acts evidence under Rules 404(b) and 403 is granted.

8. Defendant's motion to suppress her alleged statement, "It's mine" in response to Sergeant Hart's question regarding who owned the heroin that was found in the car is denied. In United States v. Kim, 292 F.3d 969, 973-74 (9th Cir. 2002), the Ninth Circuit stated:

> To determine whether an individual was in custody, a court must, after examining all of the circumstances surrounding the interrogation, decide "whether there [was] a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest" Stansbury v. California, 511 U.S. 318, 322, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994) (internal quotation marks omitted). The inquiry focuses on the objective circumstances of the interrogation, not the subjective views of the officers or the individual being questioned. Id. at 323, 114 S.Ct. 1526.

See also Thompson v. Koehane, 516 U.S. 99, 117 (1995) ("Two discrete inquiries are essential to the determination: first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave. Once the scene is set and the players' lines and actions are reconstructed, the court must apply an objective test to resolve "the ultimate inquiry": "[was] there a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest.").

In the Court's Order denying Defendant's motion to suppress, the Court found the following facts:

> After seeing the drug paraphernalia and observing Ms. Benzon quickly bend at the waist as if to conceal something, Sergeant Hart asked Ms. Benzon to get out of the vehicle. Tr. at 13:19-14:4; 82:24; 104:20-21. Immediately after she stepped out, he saw two spoons on the passenger seat where she had been sitting, one with a dark substance affixed to the inside of the spoon, and a plastic bindle containing a dark, hard substance that he immediately recognized as heroin. Tr. 14:16-24. He then asked the two other occupants to step out of the car. Tr. at 15:2-4. Sergeant Hart testified that Defendant responded "It's mine" when he asked who the heroin belonged to. Tr. at 15:2-8. Defendant testified that Sergeant Hart asked who owned the car, and she said, "It's mine." Tr. at 104:14-16.

Jan. 9, 2008 Order at 4:2-10. Under those facts, Defendant was not subject to restraints equivalent to formal arrest, so the incident was not custodial. Therefore, Defendant's <u>Miranda</u> rights were not implicated. Moreover, the government has cited cases in which the defendants found themselves in much more dire circumstances, which were not found to be custodial arrests. <u>See</u> <u>Allen v. City of Los Angeles</u>, 66 F.3d 1052, 1056-57 (9th Cir. 1995) (finding that pointing a gun at the suspect, forcing him to lie on the ground, handcuffing him, and detaining him in a police vehicle-all in a period not exceeding 24 minutes did not amount to an arrest); <u>United States v. Alvarez</u>, 899 F.2d 833, 838 (9th Cir. 1990) (finding no arrest when the suspect was ordered out of the car at gunpoint); <u>United States v. Parr</u>, 843 F.2d 1228, 1231 (9th Cir. 1988) (no arrest when suspect placed in patrol car); <u>United States v. Buffington</u>, 815 F.2d 1292, 1300 (9th Cir. 1987) (finding no arrest when suspects ordered out of car at gunpoint and made to lie down on pavement); <u>United States v. Sharpe</u>, 470 U.S. 675, 683 (1985) (finding that 20-minute detention was not an arrest); <u>United States v. Taylor</u>, 716 F.2d 701 (9th Cir. 1983) (finding that stopping a suspect at gunpoint, ordering him to lie face down, handcuffing and frisking him did not constitute an arrest). By contrast, Defendant has cited no authority holding that facts similar to those in this case constituted a custodial arrest for purposes of <u>Miranda</u>. The Court's prior order, in which the Court was not faced with the <u>Miranda</u> issue and therefore did not consider whether Defendant was "in custody" for <u>Miranda</u> purposes, does not provide a basis for finding a custodial arrest here. <u>See</u> Jan. 9, 2008 Order at 6:23-25 ("The Court *assumes* that the Fourth Amendment was implicated when Sergeant Hart ordered Ms. Benzon from the car, as a reasonable person in Defendant's position might well not feel free to leave the scene when the passenger of her car was ordered to exit the vehicle.") (emphasis added).

9. By Friday, April 4, 2008 at noon, the parties shall file: (1) a stipulation regarding the handling of the drugs in this case; (2) a stipulation, if possible, regarding admissibility of the fact that there were outstanding warrants; (3) simultaneous briefs or, preferably, one joint brief regarding Fifth Amendment issues with respect to Defendant's witnesses; and (5) a proposed verdict form.

10. No later than April 4, 2008 at noon, the government shall lodge its trial exhibits with the Court.

11. Defendant's counsel shall contact the CJA panel coordinator to explore legal representation


1  for Ms. Benzon and Mr. McNatt and shall submit their financial affidavits to the Court by April 4,
2  2008 at noon. Counsel shall notify the Court immediately if this cannot be completed by that date.
3  **IT IS SO ORDERED.**

5  Dated: April 3, 2008

                                                     ELIZABETH D. LAPORTE
                                                     United States Magistrate Judge

**United States District Court**
For the Northern District of California