JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WENDY THOMAS (NYBN 4315420)
Special Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, CA 94102
   Telephone: (415) 436-6809
   Facsimile: (415) 436-7234

NOAH ABRAMS
Law Clerk

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>NICOLE LEA MAYS,<br><br>  Defendant. | No. CR 07-0295 MAG<br><br>JOINT BRIEFING RE: THIRD PARTY WITNESSES' PRIVILEGE AGAINST SELF-INCRIMINATION<br><br>Trial:  April 24, 2008<br>Time:  8:30 a.m.<br>Court: Hon. Elizabeth D. Laporte |

**INTRODUCTION**

On November 20, 2007, this Court held a hearing on the defendant's motion to suppress evidence. On January 9, 2008, the Court denied defendant's suppression motion. During the hearing, the defendant called five witnesses to testify. Two of the witnesses, Christopher McNatt and Jenny Benzon, were passengers in the vehicle the defendant was driving when Sergeant Hart seized the narcotics and arrested the defendant. At the hearing, Mr. McNatt and Ms. Benzon made statements that are arguably inculpatory. As such, the extent to which these

two witnesses are entitled to invoke their 5th Amendment right against self-incrimination at trial is at issue. An additional issue is to what extent either the government or the defendant may use Mr. McNatt's and Ms. Benzon's previous testimony, should these witnesses refuse to testify fully at trial. A final issue before the Court is the extent either party may use the witnesses' prior testimony or in the event they testify and their testimony is inconsistent with their previous testimony. The parties jointly submit the following analysis in response to the Court's order for further briefing on these issues.

## I. Mr. McNatt's and Ms. Benzon's Waiver of their Fifth Amendment Privilege Against Self-Incrimination Is Limited to the Proceeding in Which the Waiver Occurs.

It is settled law that a witness's waiver of her Fifth Amendment Privilege against self-incrimination is limited to the proceeding in which the waiver occurs. *See United States v. Trejo-Zambrano,* 582 F.2d 460, 464 (9th Cir. 1978), *cert. denied* 439 U.S. 1005, 99 S. Ct. 618, 58 L.Ed. 2d 682 (1978)(cited by *United States v. Licavoli*, 604 F.2d 613, 623 (9th Cir. 1979)). The privilege "is deemed waived unless invoked." *United States v. Murdock,* 284 U.S. 141, 148 (1931)(citing *U.S. ex rel. Vajtauer v. Commissioner of Immigration*, 273 U.S. 103 (1927)); s*ee also Smith v. United States*, 337 U.S. 137, 147 (1949); *see also* Corwin, THE SUPREME COURT'S CONSTRUCTION OF THE SELF-INCRIMINATION CLAUSE, 29 Michigan L.Rev. 1, 198-199 (1930). Mr. McNatt and Ms. Benzon are therefore entitled to invoke their Fifth Amendment privilege against self-incrimination at Ms. Mays' trial even though they previously waived such privilege at the evidentiary hearing.

## II. Mr. McNatt and Ms. Benzon May Only Invoke Their Privilege Against Self-Incrimination On A Question-by-Question Basis.

The only way the Fifth Amendment can be asserted as to testimony is on a question-by-question basis. *United States v. Bodwell*, 66 F.3d 1000 (9th Cir. 1995); *see also* Federal Judicial Center, Benchbook for Federal District Court Judges (5th Ed. Sept. 2007). It may be invoked in two circumstances: (1) where the answer would support a conviction for violating a federal or state criminal statute; or (2) the answer would furnish a link in the chain of evidence needed to prosecute the witness for violating a federal or state criminal statute. *Hoffman v. United States*, 341 U.S. 479, 486 (1951). "Only after an invocation of the privilege with respect to a specific

question can a reviewing court determine whether a responsive answer might lead to injurious disclosure." *United States v. Drollinger*, 80 F.3d 389, 392 (9th Cir. 1996)(citing *United States v. Pierce*, 561 F.2d 735, 741 (9th Cir. 1977)).  In at least one case, the Ninth Circuit has held that it was error for the district court to keep a third party witness' invocation of the Fifth Amendment out of the presence of the jury.  See *United States v. Seifert*, 648 F.2d 557, 560-561 (9th Cir. 1980).  Should either Ms. Benzon or Mr. McNatt invoke the privilege during questioning, the jury should accordingly be permitted to hear the invocation.

Addressed below are three additional provisions of law that correspond to the aforementioned "question by question" rule.

**A.   Although Mr. McNatt and Ms. Benzon May Invoke the Privilege Against Self-Incrimination in Response to Questions Asked on Cross-Examination that are Related to Testimony on Direct Examination if Further Answers Would Incriminate Him or Her, the Direct Testimony May be Stricken at the Discretion of the Court.**

The Supreme Court has stated, "there is no unfairness in allowing cross-examination when testimony is given without invoking the privilege." *Mitchell v. United States*, 526 U.S. 314, 322 (1999).  As such, should either Ms. Benzon or Mr. McNatt offer testimony on direct, he or she should also be subjected to cross examination.

The extent to which either Ms. Benzon or Mr. McNatt can refuse to answer questions on cross examination after testifying on direct examination is dependent on the Court's discretion. For example, a witness who testifies on direct examination "may have waived his privilege as to questions on cross-examination directly relating to the matters about which he testifies on direct examination." *Seifert*, 648 F.2d at 561.  However, "the extent of such a waiver is in doubt." *Id*. "'An ordinary witness may 'pick the point beyond which he will not go' and refuse to answer any questions about a matter already discussed, even if the facts already revealed are incriminating, as long as the answers sought may tend to further incriminate him.'" *Id.* (citing *Shendal v. United States*, 312 F.2d 564, 566 (9th Cir. 1963)(citing *In re Master Key Litigation*, 507 F.2d 292, 294 (9th Cir. 1974)).  Ultimately, the Court must use its discretion to determine if the answers sought would further incriminate the witness or not, and must decide whether or not the witness is allowed to invoke the privilege, or instead should be ordered to answer.

Should either witness refuse to answer questions on cross examination, their direct testimony may be stricken at the Court's discretion. *Id.* In *Seifert*, a prosecution witness took the stand and answered all questions posed on direct examination. However, on cross-examination, the witness invoked his privilege against self-incrimination as to certain questions. In discussing the extent that the witness was required to answer questions on cross-examination, the Ninth Circuit stated, "where a witness asserts a valid privilege against self-incrimination on cross-examination, all or part of that witness's testimony must be stricken if invocation of the privilege blocks inquiry into matters which are 'direct' and are not merely 'collateral.'" *Id.* at 561 (citing *United States v. Williams*, 626 F.2d 697, 702 (9th Cir. 1980)). While the *Seifert* court acknowledges the fact that determining whether a matter is 'direct' or 'collateral' is neither "precise nor easy," the court " recognize[d] that '(a) trial court has wide discretion to determine whether a witness's testimony must be stricken because cross-examination was restricted.'" *Id.* at 562 (citing *United States v. Star*, 470 F.2d 1214, 1217-18 (9th Cir. 1972)). The two factors the Court must determine when making this assessment are (1) whether the defendant was deprived of his right to test the truth of the direct testimony, and (2) whether answers to particular questions would have undermined the prosecution's case. *Id.* In the instant case, this determination must be made by this Court at trial, depending on the circumstances of each witness and his or her trial testimony.

**B.    Should Mr. McNatt and Ms. Benson Testify as to Broad Issues, they Cannot Invoke the Privilege Against Self-Incrimination to Avoid Disclosure of Details Unless Revealing Such Details Would Further Incriminate Him or Her.**

The Supreme Court stated in *Brown v. Walker*, 161 U.S. 591, 597 (1896):

If the witness himself elects to waive his privilege, as he may doubtless do, since the privilege is for his protection and not for that of other parties, and discloses his criminal connections, he is not permitted to stop, but must go on and make a full disclosure.

Following this rule, "federal courts have uniformly held that, where criminating facts have been voluntarily revealed, the privilege cannot be invoked to avoid disclosure of the details." *Rogers v. United States,* 340 U.S. 367, 373 (1951).  "Requiring full disclosure of details after a witness freely testifies as to a criminating fact does not rest upon a further 'waiver' of the privilege against self-incrimination." *Id.* at 442.  The rationale behind this rule focuses on

4

"whether the question presented a reasonable danger of further incrimination in light of all the circumstances, including previous disclosures." *Id.* Here, should Mr. McNatt or Ms. Benzon testify as to incriminating facts, neither will be able to then invoke their right against self-incrimination to avoid disclosing further details, unless revealing such details would further incriminate him or her. Once again, the Court must make this determination at trial. *Id*. at 442-443 ("As to each question to which a claim of privilege is directed, the court must determine whether the answer to that particular question would subject the witness to real danger of further crimination.")

### C.     The Witnesses May be Impeached Through their Prior Silence

The Supreme Court has held that it is not a violation of a defendant's Fifth and Fourteenth Amendment rights for his pre-arrest silence to be used as impeachment when the defendant testifies at trial. *Jenkins v. Anderson*, 447 U.S. 231 (1980). The *Jenkins* court further cites *Raffel v. United States*, 271 U.S. 494 (1926), for the principle that, "the Fifth Amendment is not violated when a defendant who testifies in his own defense is impeached with his prior silence." *Jenkins*, 447 U.S. at 235. The parties accordingly agree that the same legal theory applies to third-party witnesses in the instant proceeding. Under this principle, either the government or the defendant may impeach the witnesses with earlier invocations of Fifth Amendment rights or pre-arrest silence.

**III.    By Invoking The Privilege Against Self-Incrimination, the Witnesses Are Unavailable For Purposes of Federal Rules Of Evidence 804(a)(1) and 804(b)(1); the Witnesses' Prior Hearing Testimony is Accordingly Admissible Should the Witnesses Invoke the Privilege.**

Federal Rules of Evidence  804(a)(1) and 804(b)(1) apply in the event that an out-of-court declarant is unavailable for the current proceedings but has offered sworn testimony in a prior proceeding. *See* F.R.E. 804(a)(1) and F.R.E. 804(b)(1). This exception to the hearsay rule requires the party offering the hearsay statement to meet a two part test; (1) that the witness is unavailable, and (2) that the witness has given "former testimony" within the meaning of F.R.E. 804(b)(1).

\\

### A. A Party Who Invokes His or Her Fifth Amendment Privilege is Legally Unavailable.

Here, the parties agree that a declarant is legally deemed "unavailable as a witness" is when the court issues a ruling exempting the declarant from testifying on the ground of privilege. *See* F.R.E. § 804(a)(1); *see also United States v. Wilmore*, 381 F.3d 868, 872 (9th Cir. 2004)(citing *Padilla v. Terhune*, 309 F.3d 614, 618 (9th Cir. 2002) for the proposition that "assertion of the Fifth Amendment privilege makes a witness legally unavailable.") In this vein, the Second and Fifth Circuits have adopted the same stance as the Ninth Circuit. In *U.S. v. Young Bros., Inc.*, 728 F.2d 682, 690 (5th Cir. 1984) the court stated, "it is clear that a witness who is unavailable because he has invoked the Fifth Amendment privilege against self-incrimination is unavailable under the terms of 804(a)(1)." Similarly, in *U.S. v. Dolah*, 245 F.3d 98 (2nd Cir. 2001) (overturned on different grounds), the Second Circuit stated:

> It is settled in this Circuit that a witness who invokes the privilege against self-incrimination is "unavailable" within the meaning of Rule 804(b) even though the Government has the power to displace the witness's privilege with a grant of use immunity.

*Id.* at 102. Accordingly, should Mr. McNatt or Ms. Benzon invoke his or her Fifth Amendment privilege against self-incrimination during their trial testimony, the parties agree that either witness would become legally unavailable under the rule.

### B. The Parties Agree that Mr. McNatt and Ms. Benzon have Given Former Testimony in This Matter That Meets the Requirements of F.R.E. 804(b)(1)

The parties agree that both Mr. McNatt and Ms. Benzon have provided prior sworn testimony in this proceeding. The parties further agree that both witnesses were subjected to lengthy direct and cross examination by the parties. The parties thus agree that, if and when either Ms. Benzon or Mr. McNatt invoke his or her Fifth Amendment privilege and refuse to testify about an issue, their prior sworn testimony at the hearing on defendant's Motion to Suppress may be offered by either party on that issue.

\\

\\

**III.   For Purposes of Impeachment for Inconsistency, The Respective Testimonies of Mr. McNatt and Ms. Benzon at the Evidentiary Hearing Are Not Hearsay Pursuant to Federal Rules Of Evidence § 801(c) and § 801(d)(1).**

If either Mr. McNatt or Ms. Benzon testify at trial and that testimony is inconsistent with the testimony they gave during the evidentiary hearing, then the prior testimony is not hearsay because it is not being offered for the truth of the matter asserted but rather for impeachment purposes. *See* F.R.E. 801(c); *see also* F.R.E. 801(d)(1). The pre-trial hearing testimony is thus admissible to the extent it is inconsistent with the testimony given at trial. *See* F.R.E. Rule 613; *see also United States v. Hale*, 422 U.S. 171 (1975).

Federal Rules of Evidence § 801(d)(1) in pertinent part states:

> A statement is not hearsay if-
>> (1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding...

The parties thus agree that the foundational requirements of F.R.E. 801(d)(1) are met in connection with either Mr. McNatt's or Ms. Benzon's pre-trial hearing testimony. To the extent that Ms. Benzon or Mr. McNatt testify in a manner that is inconsistent with prior hearing testimony, the prior testimony is accordingly admissible for the purposes of impeachment.

## CONCLUSION

The parties hereby jointly present the aforementioned law to the Court in response to the Court's order. Should the Court desire further briefing from the parties, the parties will comply with the Court's request.

Dated: April 10, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

_____/s/_____
WENDY THOMAS
Special Assistant United States Attorney