JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WENDY THOMAS (NYBN 4315420)
Special Assistant United States Attorney

BENJAMIN T. ALDEN
Law Clerk

450 Golden Gate Avenue, 11th Floor
San Francisco, California 94102
Telephone: (415) 436-6809
Fax: (415) 436-7234
Email: wendy.thomas@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                     )<br>        Plaintiff,                   )<br>                                     )<br>        v.                           )<br>                                     )<br> NICOLE MAYS,                         )<br>                                     )<br>        Defendant.                   )<br>                                     )<br>_____) | No. CR 07-0295 EDL<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Hearing:    August 6, 2008<br>Time:       11:00 a.m.<br>Courtroom:  Courtroom A, 15th Floor<br>            Hon. Elizabeth D. Laporte |

## **I. INTRODUCTION**

On April 23, 2008, defendant Nicole Mays ("Mays" or "Defendant") pled guilty to Count Two of the Information charging her with Possession of a Controlled Substance, to wit: marijuana, in violation of 21 U.S.C. § 844(a). This court has set August 6, 2008, at 11:00 a.m., as the date for judgment and sentencing. The Government submits the following sentencing memorandum to advise the Court of the Government's sentencing recommendation.

//

## II. DISCUSSION

**A. Offense Conduct**

The offense conduct is accurately described in the presentence report (hereinafter "PSR") at ¶¶ 4-5. On March 18, 2007, Sergeant Thomas Hart (hereinafter "Sergeant Hart"), of the United States Park Police, observed a vehicle parked near Crissy Field within the Golden Gate National Recreation Area in San Francisco, California. PSR ¶ 5. Sergeant Hart, upon approaching the vehicle, observed two metal spoons, one with a thick dark substance affixed to the bottom, a lighter, a small clear plastic "bottle cap" filled with water, and a small clear plastic bindle of heroin. *Id.* When Sergeant Hart asked the three subjects who owned the heroin, the defendant replied, "It's mine." *Id.* The defendant was taken into custody because she had two active arrest warrants out of San Francisco, California, for failure to appear. *Id.* A subsequent search of the defendant's purse revealed a clear plastic baggie containing marijuana. *Id.* A search of the vehicle revealed a clear plastic bag filled with twenty functioning plastic syringes on the front passenger floorboard. *Id.* A laboratory report completed by the United States Department of Justice, Drug Enforcement Administration, revealed drug amounts of 0.83 net grams of heroin and 2.3 net grams of marijuana. *Id.*

**B. Objections/Corrections to the PSR**

The Government has no objections to the contents of the PSR.

**D. Sentencing Guidelines Calculations**

The Government concurs with the probation officer's calculation of the sentencing guidelines. PSR ¶¶ 11–21; 25. The adjusted Base Offense Level is eight because Defendant should be held accountable for both the Heroin and the Marijuana found in the vehicle for which she admitted possession. U.S.S.G. § 1B1.3. This issue is contested by defense counsel and the United States addresses defendant's objections below in Section G, Government's Response to Defendant's Objections. Mays' criminal history category is I. PSR ¶ 25. Mays falls within Zone A of the sentencing table, which allows for a sentence of probation.

**E. Government's Notes on Prejudgment Probation Pursuant to 18 U.S.C. § 3607**

The Government notes the following with respect to the prejudgment probation statute, 18

U.S.C. § 3607: (1) Prejudgment probation under 18 U.S.C. § 3607 is discretionary and need not be applied; and (2) In the event this Court imposes prejudgment probation on the defendant, this Court has the authority to impose conditions of prejudgment probation as it sees fit.

1.   18 U.S.C. § 3607 provides that the court "may" place a defendant on prejudgment probation, not that it "must."  In *United States v. Gonzalez*, the 9th Circuit upheld a district court decision applying a preponderance of the evidence standard to deny a request for special probation under 18 U.S.C. § 3607.  *United States v. Gonzalez*, 365 F.3d 796 (9th Cir. 2004).  The district court in *Gonzalez*, after the jury convicted the defendant for simple possession but did not convict on a count of intent to sell, held:

> Discretionary probation is for the exceptional circumstance, when a person – a first–time offender – has presented himself to the criminal justice system.  The defendant is not that person.  And in any event, his conduct here was far more than mere simple–possession–for–personal–use purpose.

*Id.* at 797.  As such, if this Court sees fit, it is appropriate to consider all of Mays' actions on March 18, 2007, by a preponderance of the evidence standard to determine whether to order prejudgment probation.

2.   The legislative history of 18 U.S.C. § 3607 states that "the period of probation may not exceed 1 year and shall be subject to such conditions as the court may proscribe."  H.R. Rep. No. 91–1444, at 4577 (1970).[1]  As such, Congress intended this Court have broad and wide–reaching power to attach conditions to prejudgment probation as the Court sees fit.

F.   **Government's Sentencing Recommendation**

The Government concurs with the Probation Officer's recommendation that Mays be placed on probation for a term of twelve months, with the entry of judgment deferred pursuant to 18 U.S.C. § 3607.  If Mays completes the term of probation without violation of the conditions imposed, the conviction will then be dismissed.

---

[1] This legislative history specifically pertains to 21 U.S.C. §844(b), which originally contained the same provisions as 18 U.S.C. § 3607.  That law was amended by the Comprehensive Crime Control Act of 1984 to, in part, recodify relevant provisions of 21 U.S.C. § 844(b) to 18 U.S.C. § 3607, along with other provisions relating to probation and postsentence administration generally.  The policies and force behind the legislative history remain the same.

Mays is a candidate for prejudgment probation under 18 U.S.C. § 3607.  Mays pled guilty to a violation of 21 U.S.C. § 844(a), does not have a prior federal or state law violation relating to controlled substances, and has not previously been the subject of a disposition under 18 U.S.C. § 3607.

There are standard conditions imposed on a prejudgment probation conviction, which the government urges the court to adopt.  *See* attached Exhibit A - (U.S. Courts Form AO 246, Order of Probation Pursuant to 18 U.S.C. § 3607).  They include that the defendant:

1. Shall not commit another federal, state or local crime.
2. Shall not leave the judicial district without the permission of the court or probation officer;
3. Shall report to the probation officer as directed by the court and shall submit a truthful and complete written report within the first five days of each month;
4. Shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. Shall support his or her dependents and meet other family responsibilities;
6. Shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. Shall notify the probation officer within seventy-two hours of any change in residence or employment;
8. Shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. Shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10. Shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. Shall permit a probation officer to visit him or her at any time at home or elsewhere and

shall permit confiscation of any contraband observed in plain view by the probation officer;

12. Shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

13. Shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without permission of the court;

14. As directed by the probation officer, shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

15. Shall not possess a firearm or destructive device.

The United States agrees with the PSR that the Court should also adopt the following additional conditions of probation:

1. The defendant shall pay any special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of probation;

2. The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from treatment by the probation officer.  The defendant is to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of urinalysis and counseling.  The actual co–payment schedule shall be determined by the probation officer;

3. The defendant shall submit her person, residence, office, vehicle, or any property under her control to a search.  Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release.  Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

//

**G. Government's Response to Defense Objections**

Defendant has lodged her objections to the Base Offense Level sentencing guidelines calculations, arguing that Mays did not claim possession of the heroin found in the vehicle. It is the Government's position that the PSR's Base Offense Level Calculation is correct.[2] This is because the proper burden of proof to apply for factual findings used at sentencing is by a preponderance of evidence. *United States v. Garcia*, 522 F.3d 855, 860 (9th Cir. 2008). Using that standard, Mays possessed heroin on March 18, 2007. In the alternative, Mays aided, abetted, counseled, willfully caused, and/or jointly undertook criminal activity, to wit: possession of heroin, that, under U.S. Sentencing Guidelines Manual § 1B1.3(1)(A) and (B) (hereinafter "U.S.S.G."), constitutes Relevant Conduct. Because Mays' actions constitute Relevant Conduct under U.S.S.G. § 1B1.3(1)(A) and (B) and the defendant is to be held accountable at the sentencing stage for all reasonably forseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, it is proper to set the Base Offense Level at 8.

    **1.   Mays possessed heroin on March 18, 2007.**

Mays admitted to possessing heroin on March 18, 2007, in a statement to Sergeant Hart. In the alternative, if this confession is insufficient, Mays constructively possessed the heroin found in the car she was driving.

    **a.   Mays claimed ownership of the heroin.**

The PSR's sentencing guideline calculations are correct because Mays possessed heroin on March 18, 2007. As stated in The Offense Conduct, when Sergeant Hart asked the three subjects in the car who owned the heroin, Mays replied, "It's mine." PSR ¶ 5. Sergeant Hart's testimony to this effect was not discredited in the Order Denying Defendant's Motion to Suppress. (Order Den. Def's Mot. to Suppress at 4.) Furthermore, no other party in the car admitted to ownership of the heroin.

    **b.   Mays constructively possessed the heroin.**

---

[2] This issue is not moot if the court either does not order pre-judgment probation or Mays fails to comply with the Court ordered prejudgment probation and it is revoked.

In the event her confession is insufficient, Mays constructively possessed the drugs because she knew of the presence of heroin and had physical control of it – the standard from the 9th Circuit Model Jury Instructions. 9th Cir. Manual of Model Jury Instructions § 3.18 (2007) ("A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it"). The instructions further note that more than one person can be in possession of a controlled substance if "each knows of its presence and has the power and intention to control it." *Id.* To find Defendant constructively possessed an item, the defendant must "know[] contraband is present and is capable of exercising dominion and control over the contraband." *United States v. Behanna*, 814 F.2d 1318, 1319 (9th Cir. 1987) (quoting *United States v. Rodriguez*, 761 F.2d 1339, 1341 (9th Cir. 1985)). Mere presence as a passenger in a car with contraband is insufficient to convict; there must be evidence "connecting him with the contraband, other than his presence in the vehicle.'" *United States v. Sanchez-Mata*, 925 F.2d 1166, 1169 (9th Cir. 1991) (quoting *United States v. Ramos*, 476 F.2d 624, 625 (9th Cir. 1973)).

In addition to her statement, other evidence suggests that Mays was aware of the presence of heroin in her car. Jenny Benzon (hereinafter "Benzon") testified that there was a "bottle cap filled with water in the car for the purpose of using the drugs that were in the car, which might have been on the middle console." (Order Den. Def's Mot. to Suppress at 4.) This corroborates Sergeant Hart's testimony that he observed indicia of heroin usage in plain view in the car. *Id.* at 3. It is reasonable to infer that Mays has knowledge of the indicia of heroin use because of her prior usage; the items would be unmistakable to her. PSR ¶ 39. Put together, it would have been difficult to impossible for Mays not to notice the heroin in the car.

Mays was also capable of exercising dominion and control over the contraband. In *Sanchez–Mata*, the Government failed to meet its burden to prove dominion and control when they could not show that the defendant, in part, did not drive "the car, [and] did not own the car." *United States v. Sanchez–Mata*, 925 F.2d 1166, 1169 (9th Cir. 1991). Mays was substantially more than a passenger – she drove the car and thereby provided the location in which to store and use the heroin. Similarly, in *United States v. Penagos*, the 9th Circuit implicitly held that it

is possible that dominion or control can be inferred where the defendant personally transported the drug and/or owned the automobile in which the drugs were found. *United States. v. Penagos*, 823 F.2d 346, 351 (9th Cir. 1987). That the heroin was in a car under her control underscores her ability to exercise dominion over the heroin. Even if she did not own it, she exercised control over the car to a degree close to that of a true owner. According to her own version of the events, when she stated "It's mine," she was referring to ownership of the car. (Order Den. Def's Mot. to Suppress 4.) Additionally, unlike the defendant in *Penagos*, Mays was the driver of the car containing the drugs, not a mere passenger or hired gun who was there only to protect possibly undisclosed contents. *Penagos*, 823 F.2d at 351.

Moreover, evidence in the record suggests that Mays' did possess the heroin. Mays admits to problems with heroin in the past for which she has sought help and claims she has been sober since 2001. PSR ¶ 39. Mays' statements to the Probation Officer that she has not consumed drugs since 2001 is negated by (1) the marijuana found in her purse; (2) the heroin in a state of use located in the car; *and* (3) her association with drug users. *Id.* at 39. Possessing marijuana and associating with heroin users is not consistent with someone on the road to recovery. While circumstantial, her credibility and position in the car help to corroborate the above arguments that she did indeed constructively possess heroin. These facts point to a conclusion that Mays was more than just simply present in the endeavor.

**2. In the alternative, Mays aided, abetted, counseled, willfully caused, and/or jointly undertook criminal activity, to wit: possession of heroin, with the other members in the car**.

In the alternative, should the Court determine Mays did not possess heroin, Mays aided, abetted, counseled, willfully caused, and/or jointly undertook criminal activity, to wit: possession of heroin, with the other members in the car. *See* U.S.S.G. § 1B1.3. Here, there is direct evidence that the defendant was aware of the heroin in the car. If, in the alternative, she did not know she was transporting drugs until they arrived at Chrissy Field, she failed to remove the heroin from the car after she became aware of its presence. Instead, she assisted, aided, and abetted the criminal behavior by housing the heroin and heroin usage in the car under her control. Any claim to the contrary is incredulous given the location of the drugs and the

aforementioned evidence. Rather, according to the testimony of Sergeant Hart, he saw in plain view items that his training taught him are consistent with use of controlled substances such as heroin. (Order Den. Def's Mot. to Suppress at 3.) It is reasonable to infer that Mays has knowledge of the indicia of heroin use because of her prior usage; she cannot claim ignorance of the items in plain view in the car. PSR, ¶ 39. Sergeant Hart found two metal spoons, one with a thick, dark substance affixed to the bottom, the lighter and small clear plastic "bottle cap" filled with water, and a small clear plastic bindle of heroin – several of these items in plain view. PSR, ¶ 5. Mays was aware of the heroin usage and drug possession taking place in the car, even if the drugs were not hers and even if she was not personally using the heroin. She aided the drug possession and/or usage by driving her passengers to what they likely presumed was a location safe from police and by transporting the heroin. This behavior falls under U.S.S.G. § 1B1.3(1)(A) and (B), Relevant Conduct, and thereby was properly included into the Base Offense Level.

The above facts establish, by a preponderance of the evidence, that Mays either possessed the heroin herself or aided, abetted, counseled, willfully caused, and/or jointly undertook criminal activity, to wit: possession of heroin, with the other members in the car. The PSR's calculations of the Base Offense Level are therefore correct.

### III. CONCLUSION

The Government concurs with the Probation Officer's recommendation and respectfully recommends that Mays be placed on probation for a term of twelve months, with the entry of judgment deferred pursuant to 18 U.S.C. § 3607. If Mays completes the term of probation without violation of the conditions imposed, the conviction will then be dismissed.

DATED:  7/30/08 

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

          /s/          
WENDY THOMAS
Special Assistant United States Attorney

U.S. SENTENCING MEMORANDUM
CR 07–0462 JCS                                    9